## STATE OF CONNECTICUT *v.* LOYAL GASKIN
## (4089)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 9—decision released April 22, 1986

*Corinne L. Klatt,* with whom, on the brief, were *John A. Connelly,* state's attorney, *Bradford J. Ward,* assist-

ant state's attorney, and *Maureen Norris,* legal intern, for the appellant (state).

*Alan D. McWhirter,* assistant public defender, with whom, on the brief, was *Raymond J. Quinn, Jr.,* for the appellee (defendant).

BIELUCH, J. This appeal arises out of the trial court judgment sentencing the defendant to serve a five year sentence on a charge of violation of probation; General Statutes § 53a-32; that sentence to run concurrently with a sentence then being served by the defendant. With the permission of the trial court, the state has appealed, claiming that the court erred in denying its motion to correct an illegal sentence. We agree.

On January 19, 1983, the defendant pleaded guilty to a charge of risk of injury to a minor in violation of General Statutes § 53-21. On February 18, 1983, he received a sentence of five years, execution suspended, and was placed on probation for a period of five years. One of the conditions of his probation was that he not violate any criminal law.

On February 23, 1984, the defendant was arrested on two charges, sexual assault in the first degree and sexual assault in the third degree, offenses that allegedly were committed on February 3, 1984, while the defendant was on probation. After trial, he was convicted of these offenses. Sentence was imposed on June 25, 1984. On the conviction for sexual assault in the first degree, he received a term of fifteen years, execution suspended after seven years, and, on the conviction for sexual assault in the third degree, a concurrent sentence of five years, execution suspended. Additionally, he was placed on probation for three years.

As a result of these convictions, on September 12, 1984, the defendant was charged with violation of pro-

bation under General Statutes § 53a-32. After pleading guilty to this charge on October 22, 1984, the probation imposed on February 18, 1983, was revoked and he was committed "for a term of 3 years, said sentence to run consecutively to the sentence imposed [on June 25, 1984] for a total effective sentence of 15 years, execution suspended after 10 years, with 3 years probation."

Thereafter, the defendant moved to correct this sentence, claiming that it was illegal because "the Court increased the punishment originally imposed on his sentencing of February 18, 1983." The court agreed with the defendant's position and, on November 1, 1984, vacated its prior sentence of three years. The court further ordered that "the sentence of 5 years imposed [on November 1, 1984] be executed, said sentence to run concurrently with the sentence the defendant is now serving." Thereafter, the state moved to correct the amended sentence, claiming that the original sentence of October 22, 1984, was legally imposed. The court denied that motion, but granted the state's request for permission to appeal from its ruling.

Practice Book § 935 provides that the judicial authority may correct an illegal sentence at any time. The illegality of the sentence is a necessary prerequisite to the court's correction of that sentence pursuant to § 935. *State* v. *Davis,* 190 Conn. 327, 335, 461 A.2d 947, cert. denied, 464 U.S. 938, 104 S. Ct. 350, 78 L. Ed. 2d 315 (1983). In the present case, the claimed illegality of sentence which the defendant raised, and with which the trial court agreed on November 1, 1984, was that the defendant's original five year sentence of February 18, 1983, then suspended but subsequently invoked by a reduced sentence of three years, was improperly increased by the provision in the court's sentence of October 22, 1984, making that three year sentence under § 53a-32 consecutive to the defendant's effective

imprisonment on June 25, 1984, of fifteen years, suspended after seven years, for a new effective sentence of fifteen years, suspended after ten years.

In support of his claim of illegality of sentence, the defendant cites *Viel* v. *Potter,* 20 Conn. Sup. 173, 177–79, 129 A.2d 230 (1957). We find *Viel* v. *Potter,* supra, to be inapposite to this case. Its facts are dissimilar to the present case. Viel was sentenced to serve sixty days in the Hartford County jail, to be suspended after twenty days, with one year probation. After serving fourteen days of his sentence, he was returned to court, where the suspension of his imprisonment was revoked and he was again sentenced to serve the full term of sixty days. No new charges had been brought against Viel and no violation of probation proceedings were instituted. The trial court there simply increased his effective sentence for a reason not apparent. In ordering his release from jail on a writ of habeas corpus, the then Court of Common Pleas concluded that "[t]he action of the court . . . [was] an attempt by judicial sentence to increase a punishment already partially executed. This is contrary to law and in violation of the constitutional guarantee against double punishment and is void." Id., 179.

Such is not the case here. The defendant's original sentence of February 18, 1983, was still suspended and remained unexecuted at the time of the sentencing for violation of probation on October 22, 1984. Indeed, that sentence had been suspended in its entirety and was subject on that date, under § 53a-32, to execution for its full term or for a lesser sentence. The actual term of imprisonment which the court imposed on the conviction for violation of probation was in fact two years less than was originally ordered and suspended on February 18, 1983. In no way was the original sentence increased on the revocation of the sentence of probation under § 53a-32.

The sole cause of the defendant's additional imprisonment for a violation of probation was his conviction of two sexual assault charges for which he had been sentenced on June 25, 1984. Simply put, seven years to be served for the later offenses plus three years (and not five years as originally imposed) for the earlier offense equals ten years to be served, as was properly and legally adjudged on October 22, 1984. There is no distinction between the present case and the situation in which a defendant, incarcerated after conviction, is later convicted of an additional crime committed before the offense for which he had been previously sentenced, and who is, on the second conviction, sentenced to serve a term of imprisonment consecutive to the earlier sentence. Such a consecutive sentence is expressly permitted by General Statutes § 53a-37. Thus, the trial court's sentence of October 22, 1984, was not illegal, and the court erred in subsequently "correcting" it under the authority of Practice Book § 935.

The defendant claims that the state's motion of January 22, 1985, to correct the sentence imposed on November 1, 1984, was an improper proceeding taken in lieu of an appeal long after the expiration of the appeal period. The defendant categorizes the state's motion as a "transparent device to relitigate issues now res judicata, and to resurrect rights to appeal now expired." Practice Book § 935, however, expressly provides that "[t]he judicial authority may *at any time* correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."[1] (Emphasis added.) The state filed such a motion to correct the illegal sentence of November 1, 1984. After the denial of its motion, the state obtained the trial court's express permission to appeal from that rul-

---

[1] Prior to October 1, 1983, such a correction of an illegal sentence could only be made within ninety days of sentence.

ing as required by General Statutes § 54-96, and its appeal was timely. No "transparent device" of any kind was employed by the state to present the relevant issue of law before the trial court, and now before us. An illegal sentence is always capable of correction in the interest of justice.

There is error, the judgment of November 1, 1984, is set aside and the case is remanded with direction to reimpose the sentence of October 22, 1984.

In this opinion the other judges concurred.