## STATE OF CONNECTICUT *v.* NEAL TAYLOR
## (13211)

HEALEY, SHEA, CALLAHAN, COVELLO and SANTANIELLO, Js.

Argued December 10, 1987—decision released April 19, 1988

*Stephanie Clarke,* deputy assistant public defender, with whom, on the brief, was *Elizabeth M. Inkster,* assistant public defender, for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, was *David Gold,* for the appellee (state).

SANTANIELLO, J. On June 10, 1986, the defendant, Neal Taylor, pleaded guilty to the crimes of larceny in the third degree in violation of General Statutes § 53a-124,[1] forgery in the third degree in violation of General Statutes § 53a-140,[2] and criminal impersonation in violation of General Statutes § 53a-130.[3] The

---

[1] "[General Statues] Sec. 53a-124. LARCENY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of larceny in the third degree when he commits larceny as defined in section 53a-119 and: (1) The value of the property or service exceeds one thousand dollars; or (2) the property consists of a public record, writing or instrument kept, held or deposited according to law with or in the keeping of any public office or public servant; or (3) the property consists of a sample, culture, microorganism, specimen, record, recording, document, drawing or any other article, material, device or substance which constitutes, represents, evidences, reflects, or records a secret scientific or technical process, invention or forumla or any phase or part thereof. A process, invention or formula is 'secret' when it is not, and is not intended to be, available to anyone other than the owner thereof or selected persons having access thereto for limited purposes with his consent, and when it accords or may accord the owner an advantage over competitors or other persons who do not have knowledge or the benefit thereof."

[2] "[General Statutes] Sec. 53a-140. FORGERY IN THE THIRD DEGREE: CLASS B MISDEMEANOR. (a) A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument, or issues or possesses any written instrument which he knows to be forged."

[3] "[General Statutes] Sec. 53a-130. CRIMINAL IMPERSONATION: CLASS B MISDEMEANOR. (a) A person is guilty of criminal impersonation when he: (1) Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another; or (2) pretends to be a representative of some person or organization and does an act in such pretended capacity with intent to obtain a benefit or to injure or defraud

agreed upon recommendation was a sentence of no more than three years, the defendant to retain the right to withdraw the pleas if the sentencing court were to impose a greater sentence. At sentencing, which took place on July 25, 1986, the court imposed a total effective sentence of five years suspended after two and one-half years with probation for three years.[4] The defendant filed a motion for modification of the sentence which was denied by the court.[5]

Thereafter, the defendant filed an amended petition for a writ of habeas corpus claiming, inter alia, that his due process rights as guaranteed by the fourteenth amendment to the United States constitution[6] and article first, § 8, of the Connecticut constitution[7] had been

another; or (3) pretends to be a public servant, or wears or displays without authority any uniform or badge by which such public servant is lawfully distinguished, with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense."

[4] Outstanding charges pending in Derby and potential charges in Stratford were to be included in the sentence. Numerous other charges pending against the defendant in New Haven and Woodbridge were nolled at the time of the pleas. On the charge of larceny in the third degree, the defendant received a sentence of five years, suspended after two and one-half years, with probation for three years. The defendant received sentences of six months each on the charges of forgery in the third degree, criminal impersonation, drug paraphernalia and illegal possession, all to be served concurrently, for a total effective sentence of five years suspended after two and one-half years, with probation for three years. The judge who accepted the defendant's guilty pleas also presided at sentencing.

[5] The defendant contended that the sentence he received was greater than three years and further claimed that because he had four months of jail credit time on the concurrent sentences only, he would effectively serve a sentence of three years or more.

[6] The constitution of the United States, amendment fourteen, provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

[7] The constitution of Connecticut, article first, § 8, provides: "In all criminal prosecutions, the accused shall have a right to be heard by himself and

violated as a result of the sentencing court's failure to impose a sentence of no more than three years, and as a result of the sentencing court's failure to allow him to withdraw his pleas.[8] The habeas court found, inter alia, that his rights had been prejudiced by the imposition of an effective sentence greater than that agreed to, and ordered the court to vacate the sentences and either impose an effective sentence of not more than three years, or allow the defendant to withdraw his pleas. The court, upon resentencing, vacated the original sentences and imposed a total effective sentence of three years.

The defendant appealed, claiming that the increase in the term of incarceration from two and one-half to

by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him; to have compulsory process to obtain witnesses in his behalf; to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great; and in all prosecutions by indictment or information, to a speedy, public trial by an impartial jury. No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed. No person shall be held to answer for any crime, punishable by death or life imprisonment, unless on a presentment or an indictment of a grand jury, except in the armed forces, or in the militia when in actual service in time of war or public danger."

[8] The defendant also claimed in his habeas petition that he was denied effective assistance of counsel under the sixth and fourteenth amendments to the United States constitution, and article first, § 8, of the Connecticut constitution as a result of trial counsel's failure to object to the sentencing court's imposition of the alleged illegal sentence. The defendant was not given the opportunity to withdraw his guilty pleas when the sentence was imposed. The defendant's counsel neglected to appeal from the judgment and to inform the defendant of his right to do so. When the court denied the defendant's application for sentence modification, his counsel failed to inform him of his right to appeal the denial. The habeas court found that counsel's actions caused the defendant to refrain from withdrawing his guilty pleas and to file direct appeals. The defendant sought the following relief: (1) that he be allowed to withdraw his guilty pleas; (2) that his convictions be vacated; and (3) that he be released from custody. The defendant did not assert error in the remedy ultimately framed by the habeas court which was not in accord with that he had requested.

three years, without an articulation of the reasons for that increase, violated his due process rights under the doctrine of *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), and *State* v. *Sutton,* 197 Conn. 485, 498 A.2d 65 (1985), cert. denied, 474 U.S. 1073, 106 S. Ct. 833, 88 L. Ed. 2d 804 (1986). The issue, as framed by the defendant, is: "[W]hether the defendant was denied his rights to due process of law under the fourteenth amendment to the U. S. Constitution and article first, section eight of the Connecticut Constitution when the trial court, on remand for resentencing following a habeas corpus proceeding, resentenced the defendant to a term of three years imprisonment without articulating any objective information concerning identifiable conduct on the part of the defendant?"

This court must determine whether the resentencing procedure followed by the court on remand is governed by the dictates of *North Carolina* v. *Pearce,* supra, and its progeny, which were followed by this court in *State* v. *Sutton,* supra.[9] In *North Carolina* v. *Pearce,* supra, the court examined the constitutional constraints imposed on a court which metes out a greater sentence upon retrial than that which the defendant originally received. After holding that neither the equal protection clause nor the double jeopardy provision imposes an absolute bar to a harsher sentence upon reconviction, the court considered the impact of the due process clause on such a position. Id.,

---

[9] The defendant in *State* v. *Sutton,* 197 Conn. 485, 487, 498 A.2d 65 (1985), challenged the imposition of a more severe sentence upon reconviction under the fourteenth amendment to the United States constitution. The defendant here is seeking protection under both the Connecticut and the United States constitutions. This court is aware that it "cannot afford any lesser protection than that to which a comparable right is entitled under the United States constitution." *State* v. *Kimbro,* 197 Conn. 219, 234 n.16, 496 A.2d 498 (1985). We decline to expand upon the doctrine established in *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).

723–26. Where a conviction has been set aside, the action of a court in imposing a harsher sentence upon reconviction for the purpose of punishing a defendant for exercising his rights in seeking to have the conviction set aside is a "flagrant" violation of due process of law. Id., 723–24. Due process requires that vindictiveness must not enter into resentencing that results from a successful attack on a defendant's conviction. Id., 725. A defendant's fear of such vindictive behavior may unconstitutionally deter the exercise of the right to appeal or to attack collaterally a conviction, and thus, due process requires that a defendant be free from such apprehension. Id. To ensure that retaliatory motivation does not enter into the resentencing process, whenever a court imposes a harsher sentence following a new trial, the court must state its reasons upon the record. Id., 726.

The United States Supreme Court has subsequently examined the applicability of the *Pearce* presumption of vindictiveness. See, e.g., *Texas* v. *McCullough,* 475 U.S. 134, 106 S. Ct. 976, 89 L. Ed. 2d 104 (1986) (defendant originally sentenced by jury; judge concluded defendant entitled to new trial; upon retrial defendant chose sentencing by judge; *Pearce* presumption inapplicable and even if it were to apply, court's findings overcame presumption); *Wasman* v. *United States,* 468 U.S. 559, 569, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984) (presumption of vindictiveness applies since petitioner received greater sentence following retrial than that he had originally received; consideration by court of conviction between original sentencing and sentencing after retrial rebuts presumption); *United States* v. *Goodwin,* 457 U.S. 368, 372–84, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982) (pretrial decision by prosecutor to modify charges does not warrant presumption of prosecutorial vindictiveness in pretrial setting); *Bordenkircher* v. *Hayes,* 434 U.S. 357, 362–64,

98 S. Ct. 663, 54 L. Ed. 2d 604, reh. denied, 435 U.S. 918, 98 S. Ct. 1477, 55 L. Ed. 2d 511 (1978) (prosecutor's action in carrying through on statement made during plea negotiations to bring additional charges against defendant if he refused to plead guilty to offense originally charged did not violate due process clause); *Blackledge* v. *Perry,* 417 U.S. 21, 25–29, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974) (prosecutor may not bring more serious charge against defendant prior to trial de novo in response to defendant's exercise of statutory right to appeal); *Chaffin* v. *Stynchcombe,* 412 U.S. 17, 24–28, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973) (where resentencing occurs before a jury, potential for abuse in sentencing is minimal; *Pearce* does not apply); *Colten* v. *Kentucky,* 407 U. S. 104, 112–20, 92 S. Ct. 1953, 32 L. Ed. 2d 584 (1972) (prophylactic rule announced in *Pearce* not appropriate in context of two-tier system which allowed for trial de novo in court of general criminal jurisdiction following trial or guilty plea in an inferior court; likelihood of vindictiveness not present).

The decision in *North Carolina* v. *Pearce,* supra, "was only 'premised on the apparent need to guard against *vindictiveness* in the resentencing process.' " (Emphasis in original.) *Wasman* v. *United States,* supra, 567, quoting *Chaffin* v. *Stynchcombe,* supra, 25. "[I]n certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive. Given the severity of such a presumption, however—which may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct—the Court has done so only in cases in which a reasonable likelihood of vindictiveness exists." *United States* v. *Goodwin,* supra, 373; *Wasman* v. *United States,* supra, 566. "The *Pearce* requirements thus do not apply in every case where a convicted defendant receives a

higher sentence on retrial. Like other 'judicially created means of effectuating the rights secured by the [Constitution]'. . . . we have restricted application of *Pearce* to areas where its 'objectives are thought most efficaciously served' . . . . " (Citations omitted). *Texas* v. *McCullough,* supra, 138.

The violation of due process in situations such as *Pearce* and *Perry* does not arise from the possibility that a defendant may be discouraged from exercising legal rights, but instead from the "danger that the State might be retaliating against the accused for lawfully attacking his conviction." *Bordenkircher* v. *Hayes,* supra, 363. "[W]here the presumption applies, the sentencing authority or the prosecutor must rebut the presumption that an increased sentence or charge resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Wasman* v. *United States,* supra, 569; see *Texas* v. *McCullough,* supra, 138.

In the case before this court, the defendant pleaded guilty to three charges. There is no claim that the pleas, when entered, were involuntary. The agreed upon recommendation at the time of the pleas was a sentence of no more than three years, with the defendant retaining the right to withdraw his pleas if the sentencing court should exceed the agreement. The sentencing court imposed an effective sentence of five years, suspended after two and one-half years, with probation for three years, a sentence that the habeas court determined was greater than three years. The habeas court therefore ordered the sentencing court to "vacate the sentences imposed, and either . . . impose an effective sentence of not more than three years, if it can do so 'in conscience,' or, if it cannot 'in conscience' impose an effective sentence of not more than three years, then in such event, it allow petitioner to withdraw each of his pleas of guilty and it order him to be

put to trial on said charges." The sentencing court vacated the sentences in accordance with the order, and imposed an effective sentence of three years.

This court concludes that no realistic motive for vindictive sentencing exists in the action taken by the sentencing court, and that the *Pearce* presumption is therefore inapplicable. The sentencing court's actions were within the parameters of the habeas court's order and, equally important, were in accordance with the agreement reached between the parties. Where the *Pearce* presumption does not apply, the defendant must prove that vindictiveness actually occurred in the resentencing procedure, in order to obtain relief. The record fails to support such a claim.

In view of this court's decision that the rationale of *Pearce* and its progeny is inapposite, and that actual vindictiveness has not been proved, we find no error.

There is no error.

In this opinion HEALEY, SHEA and COVELLO, Js., concurred.

CALLAHAN, J., concurring. I concur in the result but do not believe the *North Carolina* v. *Pearce* analysis is necessary. *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), only prohibits the imposition of a *more severe sentence* on remand. The defendant cannot have it both ways. He cannot argue that five years suspended after two and one-half years and three years probation is more severe than the bargained for sentence of three years for the purpose of having the five year sentence vacated and then argue that the court imposed a more severe sentence on remand by imposing the three year sentence originally bargained for.

This case does not concern the question of whether there was vindictiveness. The defendant simply did not

receive a more severe sentence on remand. See *State* v. *Reid,* 204 Conn. 52, 55–59, 526 A.2d 528 (1987).