STATE OF CONNECTICUT *v.* ROBERT RYERSON
(7257)

DALY, NORCOTT and FOTI, Js.

Argued October 18, 1989—decision released January 30, 1990

*John R. Williams,* with whom, on the brief, was *Sue L. Wise,* for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the denial of his motion for correction of an illegal sentence. This appeal arises out of the judgment rendered in the judicial district of New London sentencing the defendant to serve a ten year sentence on a charge of violation of probation; General Statutes § 53a-32; that sentence to run consecutive to a sentence then being served by the defendant.

On October 17, 1983, the defendant was sentenced by the trial court in the judicial district of New London, after having been convicted of three counts of robbery in the second degree. The court imposed a sentence of ten years on one count, and ten years, execution suspended after five years, on each of the other two counts. Because these sentences were imposed concurrently, the defendant received a total effective sentence of ten years. The court then determined that the defendant was drug dependent and committed him to the custody of the commissioner of mental health, pursuant to General Statutes § 21a-285, for not more than twenty-four months, during which time the sentences were to be fully suspended. The court indicated to the defendant that if he did not successfully complete the program he faced the full ten year sentence.

On April 27, 1984, the defendant was released by the commissioner of mental health and again appeared before the New London trial court. At that time, the

court fully suspended the ten year sentence and placed the defendant on probation for five years. The court, however, warned the defendant that if he came back before the court as the result of drug related activity or a criminal violation, he would serve the entire balance of his ten year sentence.

On February 8, 1985, while still on probation, the defendant was convicted in the New Haven judicial district of robbery in the first degree, and sentenced to a term of fifteen years, execution suspended after six years, with five years probation. The court, *Hadden, J.*, noted that the defendant's New London probation was in another jurisdiction and was not part of the sentence he imposed.

On May 28, 1985, the defendant was presented in New London on a warrant charging him with a violation of probation. The defendant pleaded guilty to this charge based on his previous conviction.[1] The New London court reimposed the October 17, 1983 ten year sentence to run consecutive to the six year New Haven sentence.[2] The defendant, therefore, received a total effective prison sentence of sixteen years.

On June 10, 1988, the defendant filed a motion for the reduction of his sentence on the ground that the presentence investigation report presented to the October 17, 1983 sentencing court showing eleven counts of armed robbery in Montana was in error and was not corrected until after the defendant was sentenced on the unrelated New Haven charge. He also argued that

---

[1] The defendant maintained his innocence to the intervening offense and noted that he had appealed from this conviction, but nevertheless he pleaded guilty based on the fact that a jury had convicted him. See *State v. Ryerson*, 201 Conn. 333, 514 A.2d 337 (1986) (conviction upheld).

[2] The court gave the defendant credit for the time he had served before sentencing and the time spent in the drug treatment program. This minimal amount of time is not critical to this appeal.

the sentence was punitive in nature and too harsh. The court denied this motion.

The defendant timely appealed this denial, but the original appeal was stayed in order to raise additional grounds in a second motion for correction of an illegal sentence.[3] After the court denied the second motion, this appeal ensued.

I

The defendant's first claim is that the trial court erred in denying his motion to correct an illegal sentence because the trial court in the judicial district of New London exceeded its statutory authority and violated the constitutional prohibition against double jeopardy. The defendant argues that the court illegally raised his effective sentence from a maximum of ten years that would have been imposed if the New London sentence was to run concurrent with the New Haven sentence, to sixteen years to serve based on the reimposition of the New London sentence to run consecutive to the New Haven sentence.

A

The defendant makes two arguments in his claim that the New London trial court exceeded its statutory authority when it reimposed the New London sentence to run consecutive to the New Haven sentence. First, he argues that the New London trial court did not have the authority to impose a consecutive sentence and that the only court that could impose a consecutive sentence would have been the New Haven court, acting pursuant to General Statutes § 53a-37.[4] We do not agree.

[3] The defendant relied on Practice Book § 935 for both the initial "motion for reduction of sentence" and the subsequent motion for the correction of an illegal sentence.

[4] The relevant language of General Statutes § 53a-37 states that "when a person who is subject to any undischarged term of imprisonment at a previous time by a court of this state is sentenced to an additional term

General Statutes § 53a-32 (b) provides that if a violation of probation is established, the trial court may revoke the sentence of probation, "and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence." In *State* v. *Gaskin,* 7 Conn. App. 131, 508 A.2d 40 (1986), this court determined that the probation revocation court did not impose an illegal sentence when it sentenced the defendant to three years for a violation of probation; that sentence to run consecutive to the sentence imposed for the intervening offense. The *Gaskin* court reasoned that "[t]here is no distinction between the present case and the situation in which a defendant, incarcerated after conviction, is later convicted of an additional crime committed before the offense for which he is incarcerated, and who is, on the second conviction, sentenced to serve a term of imprisonment consecutive to the earlier sentence. Such a consecutive sentence is expressly permitted by General Statutes § 53a-37." Id., 135. In effect, this court has determined that the probation revocation sentencing court, acting pursuant to General Statutes § 53a-32 (b), has the statutory authority to impose a sentence for the underlying offense that runs consecutive to the sentence for the second, or intervening offense. See also *State* v. *Boone,* 15 Conn. App. 34, 57, 544 A.2d 217, cert. denied, 209 Conn. 811, 550 A.2d 1084 (1988).

As part of his first argument, the defendant also asserts that because the New Haven court did not expressly state that the undischarged sentence resulting from a violation of probation would run consecutive to the subsequent sentence on the charge of robbery in the first degree, the New London court sen-

of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence."

tencing the defendant on his violation of probation was required to impose a concurrent sentence. This argument is also misplaced.

The defendant had not been charged with a violation of probation at the time that he was sentenced on the second offense, and, therefore, the New Haven judge would have been acting prematurely by imposing on the defendant a sentence consecutive to a possible, undischarged sentence. Contrary to the defendant's contention, the state is not required to charge the defendant simultaneously with a violation of probation and a second, separate offense.

The defendant, in his second argument, attempts to distinguish the holding in *Gaskin* from the present case, arguing that, even if the New London court had the statutory authority to impose a consecutive sentence, the judge nevertheless exceeded his authority by imposing a longer effective sentence than he was originally authorized to impose. We are not persuaded by the defendant's claim.

Assuming, arguendo, that the defendant's reasoning is correct[5] and that the probation revocation sentenc-

[5] The defendant's reasoning is misplaced. The defendant argues that the reason that the court in *Gaskin* did not exceed its statutory authority when it sentenced the defendant for a probation violation, was because it could have imposed a sentence of up to ten years for the original offense, a violation of General Statutes § 53-21. Although the defendant in *Gaskin* faced a maximum exposure of ten years for this offense when he appeared before the court that imposed the original sentence, that court sentenced the defendant to five years. The intervening sentence imposed in *Gaskin* was seven years, and the sentence for the probation violation, reimposed to run consecutive to the intervening sentence, was three years, for a total effective sentence of ten years. Because the total effective sentence in *Gaskin* did not exceed the maximum exposure on the underlying offense, the defendant here argues, in effect, that a probation revocation court is limited to imposing a total effective sentence that does not exceed that maximum exposure. The authority of a court to sentence a defendant for a violation of probation is not measured by the maximum exposure for the underlying offense; it is measured by the sentence actually imposed. That authority

ing court in *Gaskin* imposed a consecutive sentence that did not exceed its statutory authority, we are not persuaded that the principle in *Gaskin* should limit a court acting under General Statutes § 53a-32 (b) to imposing an effective sentence that does not exceed the maximum exposure of the original conviction. Indeed, this construction would create absurd results in those situations in which a defendant is sentenced to a greater term to serve for the intervening offense than for the original offense because it would effectively prevent a trial judge from ordering a defendant to serve his prison sentence for the original conviction. The trial court should not be prevented from reimposing the original, or any lesser amount of punishment, by way of a consecutive sentence once it has been determined that the defendant has committed the additional offense of a violation of probation.

While "[i]t is axiomatic that 'penal statutes and rules of criminal procedure are to be strictly construed to protect the fundamental constitutional right to liberty' "; *State* v. *Shockley,* 188 Conn. 697, 714, 453 A.2d 441 (1982) (*Speziale, C. J.,* concurring); " 'the application of common sense to the language of a penal law is not to be excluded in a way which would involve absurdity or frustrate the evident design of the lawgiver.' " *State* v. *Belton,* 190 Conn. 496, 506, 461 A.2d 973 (1983).

B

The defendant also argues that the reimposition of the New London sentence to run consecutive to the

operates independently of the sentence imposed for the intervening offense. Thus, the probation revocation court in *Gaskin* could have imposed a sentence of up to five years consecutive to the sentence for the intervening offense, regardless of whether this would have led to a total effective sentence that was longer than the maximum exposure for the original offense.

New Haven sentence violated the state and federal constitutional prohibition against double jeopardy.[6]

As a preliminary matter, we must decide whether this claim is reviewable under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 526 (1973); see also *State* v. *Golding,* 213 Conn. 233, 240, 567 A.2d 823 (1989); because the defendant raises this claim on appeal for the first time. On the basis of our Supreme Court's decision in *State* v. *Smith,* 207 Conn. 152, 540 A.2d 679 (1988), we deny review under *Evans* because the defendant has not demonstrated that his claim is of constitutional dimension. See *State* v. *Golding,* supra, 240–41; *State* v. *Maldonado,* 20 Conn. App. 137, 139, 564 A.2d 638, cert. denied, 213 Conn. 806, 567 A.2d 836 (1989).

In *State* v. *Smith,* supra, our Supreme Court determined that the doctrine of double jeopardy is inapplicable to probation revocation proceedings. The court began its analysis by stating that "[t]he guarantee against double jeopardy proscribes exposure to criminal prosecutions for the same offense after conviction or acquittal and protects against multiple punishments for the same offense. . . . Such exposure is absent from proceedings that are not ' " 'essentially criminal.' " ' . . . 'A proceeding is criminal for double jeopardy purposes if it imposes a sanction intended as punishment.' . . ." (Citations omitted.) Id., 176.

The court then concluded that "[r]evocation hearings are not concerned with punishment or retribution. . . . The element of 'punishment' in probation revocation . . . is attributable to the crime for which he was originally convicted and sentenced. Thus, any

---

[6] "We note that Connecticut does not have an express double jeopardy clause, but we have interpreted our due process guarantees as including protection against double jeopardy. *State* v. *Rawls,* 198 Conn. 111, 113 n.3, 502 A.2d 374 (1985)." *State* v. *Anderson,* 211 Conn. 18, 25 n.8, 557 A.2d 917 (1989).

sentence this defendant had to serve as the result of the violation . . . was 'punishment' for the crime of which he had originally been convicted. Revocation is a continuing consequence of the original conviction from which probation was granted. The doctrine of double jeopardy is not applicable . . . ." Id., 177–78. Because the doctrine of double jeopardy is inapplicable to probation revocation proceedings, this court need not further review the defendant's claim.[7]

Accordingly, the reimposition of the New London sentence to run consecutive to the New Haven sentence was not illegal or unconstitutional, and the trial court appropriately denied the motion for correction of an illegal sentence pursuant to Practice Book § 935.

## II

The defendant's second claim is that the probation revocation sentencing court allegedly increased his punishment and, in so doing, acted with vindictiveness in violation of his constitutional due process rights as set forth in *North Carolina* v. *Pearce*, 395 U.S. 711, 89 S.

---

[7] Even if we reviewed the defendant's substantive claim, we would nevertheless have determined that there was no violation of the prohibition against double jeopardy because the claim is without merit. The defendant argued that the probation revocation sentencing court violated the constitutional right against double jeopardy by modifying the sentence after execution of it had commenced. See *State* v. *Elliott*, 8 Conn. App. 566, 574, 513 A.2d 1285, cert. denied, 201 Conn. 813, 517 A.2d 630 (1986). Even if we accept the argument that the reimposition of the New London sentence consecutive to the New Haven sentence is a "modification" upward, this argument is without merit.

The defendant wrongfully contends that the defendant's commitment to the commissioner of mental health for drug treatment pursuant to General Statutes § 21a-285 began the execution of his sentence. General Statutes § 21a-185 (a) expressly provides: "If sentence has not been imposed, the court shall first proceed upon the conviction, impose sentence, order commitment to the executive director *and suspend execution of such sentence during the period of such commitment.*" (Emphasis added.) Thus, the sentence was not executed by virtue of the defendant's commitment for drug treatment.

Ct. 2072, 23 L. Ed. 2d 656 (1969), and *State* v. *Sutton,* 197 Conn. 485, 498 A.2d 65 (1985), cert. denied, 474 U.S. 1073, 106 S. Ct. 833, 88 L. Ed. 2d 804 (1986). This claim has no merit.

This court must first determine whether the analysis of *North Carolina* v. *Pearce,* supra, is warranted where there is a reimposition of a sentence for a violation of probation. We believe it is not necessary to conduct this analysis. *"North Carolina* v. *Pearce,* [supra], only prohibits the imposition of a *more severe sentence* on remand."* (Emphasis in original.) *State* v. *Taylor,* 207 Conn. 109, 117, 540 A.2d 64 (1988) *(Callahan, J.,* concurring).

This case does not concern itself with vindictiveness. The defendant did not receive a more severe sentence. His effective sentence for the original robbery offenses was ten years and five years probation, and, with the exception of credit given for his previous incarceration and commitment for drug treatment, and the fact that his probation was terminated, that is the same sentence that was reimposed. In addition, the reimposition of a sentence already given based on the defendant's subsequent offense for a violation of probation is not akin to the resentencing on remand because of a defendant's successful appeal, as was the case in *Pearce.*

Even if we were to apply a *Pearce* analysis to this case, we would still conclude that the *Pearce* presumption of vindictiveness does not apply and that the defendant has not proven actual vindictiveness. See *State* v. *Taylor,* supra, 116–17.

In *State* v. *Taylor,* our Supreme Court held that the *Pearce* analysis does not apply to a resentencing following a habeas corpus proceeding where the habeas court had remanded the case to the trial court for resentencing. The court said, " '[t]he *Pearce* requirements thus do not apply in every case where a convicted

defendant receives a higher sentence on retrial. Like other "judicially created means of effectuating the rights secured by the [Constitution]" . . . we have restricted application of *Pearce* to areas where its "objectives are thought most efficaciously served." . . . .' (Citations omitted.) *Texas* v. *McCullough,* [475 U.S. 134, 138, 106 S. Ct. 976, 89 L. Ed. 2d 104 (1986)]." *State* v. *Taylor,* supra, 115–16.

The court then stated that "[t]he violation of due process in situations such as *Pearce* and [*Blackledge* v. *Perry,* 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974)] . . . [arises] from the 'danger that the State might be retaliating against the accused for lawfully attacking his conviction.' *Bordenkircher* v. *Hayes,* [434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978). '[W]here the presumption applies, the sentencing authority or the prosecutor must rebut the presumption that an increased sentence or charge resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness.' " *State* v. *Taylor,* supra, 116.

As in *Taylor,* the *Pearce* presumption would not apply to the present case because this is not a situation where the state might be retaliating against the accused for lawfully attacking his conviction; indeed, this defendant made no such attack. Furthermore, the record fails to support the defendant's claim that vindictiveness actually occurred in the probation revocation sentencing.

## III

The defendant's third claim is that he was denied his constitutional right to due process when both the original New London sentencing court, *Hendel, J.,* as well as the probation revocation sentencing court, *Hendel, J.,* considered incorrect information in determining the defendant's sentence for the initial robbery offense.

We note at the outset that we will not consider the defendant's alleged denial of his constitutional right to due process pertaining to the incorrect information presented to the original sentencing court in the presentence investigation report because the appropriate avenue for review would have been a timely filed motion for sentence review.

With regard to the defendant's claim that he was denied due process because of incorrect information presented to the probation revocation sentencing court, the state has raised the issue of whether this claim is entitled to review based on *State* v. *Evans,* supra. See also *State* v. *Golding,* supra. The state claims that the incorrect information that was presented to the probation revocation sentencing court was not objected to by the defendant, and hence not properly preserved for our review. We do not agree with the state's contention.

On the basis of our review of the record, we conclude that the issue is reviewable because the defendant's claim amounts to one of an unconstitutional deprivation of the due process rights allegedly accorded him in *State* v. *McNellis,* 15 Conn. App. 416, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988), and *State* v. *Huey,* 199 Conn. 121, 127, 505 A.2d 1242 (1986). See *State* v. *Golding,* supra, 241; *State* v. *Baxter,* 19 Conn. App. 304, 309–10, 563 A.2d 721 (1989). Nonetheless, we are not persuaded by the defendant's claim that the incorrect information violated his due process rights and deprived him of a fair trial. *State* v. *Golding,* supra, 241.

In the present case, the defendant first argues that he was actually prejudiced by the assistant state's attorney's submission of incorrect information at the probation revocation sentencing. The defendant also argues that the probation revocation sentencing judge

relied on this same false information represented by the assistant state's attorney and that this resulted in an enhancement of an otherwise legal sentence. The incorrect information pertained to the defendant's prior criminal record in Montana that was originally misstated in his presentence investigation report, but later corrected. At the probation revocation sentencing, however, a different state's attorney misrepresented that the defendant had committed eleven robberies in Montana, when in fact, he had committed only one.

In *State* v. *McNellis,* supra, 447–48, this court stated: "When a defendant is actually prejudiced by the prosecution's submission of misinformation regarding his prior criminal record . . . a defendant is denied due process of law and the conviction cannot be sustained. *Townsend* v. *Burke,* 334 U.S. 736, 740–41, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948). A sentence premised on a materially untrue criminal background would be constitutionally infirm."

In the present case, the record discloses that the same trial judge was present for the defendant's original sentence and for the reimposition of the sentence to run consecutive to the intervening offense. The record further discloses that at the original sentencing the trial judge was told by defense counsel that the information regarding the defendant's Montana criminal record was incorrect, that the trial judge accepted defense counsel's representations on the record and that the trial judge indicated in a subsequent motion for articulation that the defendant's Montana record played no role in the sentence. Even though a new state's attorney represented the same incorrect information at the probation revocation sentencing, and the trial judge and defendant were silent, this was the same trial judge who had already known that the information was not accurate. The defendant has not demonstrated that this information actually prejudiced his case.

As to the defendant's second argument, while it may be true that "[a]s a matter of due process, information may be considered as a basis for a sentence only if it has some minimal indicium of reliability"; *State* v. *Huey,* supra, 127; the defendant is nevertheless required to show that the information was materially false or unreliable and that the trial court relied substantially on the information in determining the sentence. *State* v. *Collette,* 199 Conn. 308, 321, 507 A.2d 99 (1986); see also *State* v. *Williams,* 205 Conn. 456, 477, 534 A.2d 230 (1987).

In *Williams,* the court determined that, on the basis of its review of the record as a whole, the trial court did not rely on the inaccuracies alleged by the defendant and that the central concern of the trial court at sentencing was the defendant's history of violent conduct toward women. *State* v. *Williams,* supra, 478.

Likewise, in the present case, the record discloses that Judge Hendel's concerns at the probation revocation sentencing were aimed at sentencing the defendant to the term he had originally given him because the defendant was given a break but did not take advantage of the break when he was convicted of committing another crime. On the basis of our review of the record, we conclude that the probation revocation sentencing court did not rely on the inaccuracies alleged by the defendant.

Accordingly, we conclude that the defendant has not sufficiently shown that he was actually prejudiced by the inaccuracies of his Montana record and that the probation revocation sentencing court did not rely on the inaccuracies alleged by the defendant.

There is no error.

In this opinion the other judges concurred.