[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: STATE VS. ROBERT P. RYERSON
Application for review of sentence imposed by the Superior Court, Judicial District of New London. Docket No. CR10-131608; CR10-131457; CR10-131826.
Sue L. Wise, Defense Counsel, for Petitioner
Lawrence J. Tytla, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
The history of this case is rather involved but may be summarized as follows:
In the superior court for the judicial district of New London petitioner entered pleas of guilty to three charges of Robbery in the second degree in violation of C.G.S. 53a-135. The pleas were entered as part of a plea agreement whereby petitioner was to receive, on each file, a concurrent sentence of ten years with execution suspended after five years. It was understood that petitioner would be applying for drug dependency treatment at the time of sentencing.
When petitioner was presented for sentencing on October 17, 1983 the presentence report prepared by the department of adult probation indicated that defendant had been convicted of "Armed Robbery (11 counts)" in 1978 in Montana and that he had been sentenced to four year confinement suspended after one hundred thirty-four days. The report was not correct in that petitioner had been convicted of one count of armed robbery in Montana, not eleven. CT Page 349
Although the presentence report mentions eleven counts, the state's attorney, who had been informed of the error, used language indicating a single conviction in bringing the matter to the court's attention. The prosecutor stated that he had not been aware of the armed robbery in Montana when the plea agreement had been recommended. He informed the court that he was still willing to stand by the sentencing agreement, however, since petitioner's involvement in the Montana crime was probably minimal.
The state's attorney did express concern about petitioner's long standing drug dependency and his unsuccessful prior attempts at treatment. Because of this, the prosecutor objected to drug treatment under C.G.S. 21a-285.
The attorney then representing the petitioner next addressed the court. He stressed the peripheral involvement of petitioner in the Montana robbery and the need for long term drug dependency treatment. The attorney also informed the court that petitioner would not withdraw his plea if, in fact, the court felt that a longer prison sentence was necessary.
The court stated that more than five years suspended would be necessary to motivate petitioner and indicated that it would impose a sentence of "ten years which is double what the recommendation was." Petitioner was informed that he had a right to withdraw his plea. The plea was not withdrawn, however, and after a lengthy canvass petitioner agreed to the increased sentence.
Thereafter the court imposed sentence.
There is some confusion as to the actual sentences imposed on three separate charges of robbery in the second degree. The appellate court, however, found that "[t]he court imposed a sentence of ten years on one count, and ten years, execution suspended after five years, on each of the other two counts. Because these sentences were imposed concurrently, the defendant received a total effective sentence of ten years." State v. Ryerson, 20 Conn. App. 572, 573 (1990).
Having made the finding of fact required by C.G.S. 21a-285 petitioner was committed to the custody of the commissioner of mental health for a period not to exceed twenty-four months. The sentences were fully suspended during this period.
On April 27, 1984, after completing the drug treatment program petitioner again came before the court. At that time the ten year sentence was fully suspended and petitioner placed CT Page 350 on probation for five years with a warning that if he came back before the court for a violation of probation he would serve the entire balance of the ten year sentence.
On May 29, 1984, about one month after being placed on probation with the warning above noted petitioner committed a robbery in the first degree in the New Haven Judicial District for which he was tried and convicted. The similarity between the robbery in New Haven and the robberies in New London was commented on by the sentencing judge in New Haven. The sentence imposed in New Haven was fifteen years, execution suspended after six years, probation for five years. In imposing sentence the judge stated that he did not know what effect the conviction would have on petitioner's situation in New London.
Subsequently, petitioner was arrested on a warrant charging him with violation of the probation imposed in New London. When presented on the warrant petitioner admitted to the conviction in New Haven and that this constituted a violation of probation. There was no plea agreement at that time and petitioner voluntarily admitted the violation after being informed that as a consequence thereof he could be required to serve the entire ten year suspended sentence consecutive to the sentence imposed in New Haven.
After hearing the remarks of counsel and petitioner, the court revoked the suspension of sentence and committed petitioner to the custody of the commissioner of corrections for ten years and ordered that the sentence be served consecutive to the sentence imposed in New Haven.
This is the sentence now before the division for review.
The application for review was first considered by the division in 1989. Since an appeal was then pending in which error was claimed in the sentencing procedure and the resulting sentence, this division on August 10, 1980 declined to consider the petition until appellate review had been completed.
On January 30 1990 the appellate court decided that the sentence imposed for violation of probation was not illegal or unconstitutional and ruled that the trial court had appropriately denied petitioner's motion to correct the sentence. State v. Ryerson, supra.
On December 18, 1990 the petition for review of sentence came before the division for a full hearing.
At the hearing counsel for petitioner stressed three principal reasons for sentence modification. CT Page 351
Counsel stated that the canvass on violation of probation was improper and raised questions of procedural due process. This, however, is not an issue over which this division has jurisdiction. Although the division may properly consider the resulting sentence, errors of law should be brought before appropriate tribunals.
It was also argued that the error in the presentence report led the sentencing judge to believe that petitioner's criminal record was much worse than it was and that this misconception carried through to the final sentence imposed. Counsel also submitted statistics tending to show that the ten year sentence was grossly disproportionate.
The appellate court found that the error in the presentence investigation with respect to the number of convictions in Montana played no part in the sentence imposed. See State v. Ryerson, supra 584. An examination of the various proceedings confirms that the judge who presided at all the New London hearings fully accepted defense counsel's representation with respect to the Montana conviction. The state's attorney at the initial hearing also minimized petitioner's Montana criminal activity. The record shows that the state's principal concern was the extent of petitioner's commitment to drug rehabilitation. This was also a concern of the sentencing judge who expressed a doubt that the original agreed sentence was long enough to dissuade petitioner from a life of crime and drugs.
Petitioner's attorney submitted statistical data with conclusions drawn up by individuals with impressive credentials. The statistics were based upon sentences imposed on persons convicted of the same crime with similar backgrounds. The conclusion drawn from these statistics was that the ten year sentence was "uniquely long."
As the report indicates, however, there was no individual in the study whose situation completely matched that of petitioner. Since the study has no detailed information on the other parties, it is not of great assistance to this division.
At the time sentence was imposed for violation of probation, the court had before it a young man with a history of criminal involvement and serious drug addiction. The crimes for which he was on probation involved his placing of innocent store personnel in fear of their lives. Despite the seriousness of the crimes, petitioner had been given an opportunity to stay out of prison. The sentence, to which he had agreed was fully suspended and he was placed on probation. About one month later, petitioner committed another robbery, CT Page 352 similar to, but more serious than, those for which he was on probation.
As the sentencing judge in New Haven said "enough is enough". Upon violation of probation, the judge had a duty to impose a sentence which would protect the public interest and deter petitioner, and others, from such criminal activities in the future.
In light of the offenses and the demonstrated character of petitioner, it cannot be found that the sentence is inappropriate or disproportionate. The sentence should not be modified.
Sentence affirmed.
PURTILL, J. KLACZAK, J. NORKO, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.