[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AMENDED MOTION TO CORRECTSENTENCE — DATED JULY 18, 1997
The defendant, Brett Saltus, filed an amended motion to correct his sentence under Practice Book § 935, dated July 18, CT Page 11980 1997, on the grounds that the court's sentencing decision was influenced by misstatements made by the prosecution and because the imposed sentence constitutes double jeopardy.
On January 3, 1995, the defendant pleaded guilty to the following crimes: one count of burglary in the second degree (General Statutes § 53a-102); eleven counts of burglary in the third degree (General Statutes § 53a-103); two counts of possession of narcotics (General Statutes § 21a-279 (a)); one count of possession or use of drug paraphernalia (General Statutes § 21a-267 (a)); one count of credit card theft (General Statutes § 53a-123c (a)); two counts of failure to appear in the first degree (General Statutes § 53a-172); five counts of failure to appear in the second degree (General Statutes § 53-173); one count of larceny in the first degree (General Statutes §53a-122); five counts of larceny in the second degree (General Statutes § 53a-123); six counts of larceny in the third degree (General Statutes § 53a-124); one count of larceny in the fourth degree (General Statutes § 53a-125); one count of larceny in the sixth degree (General Statutes § 53a-125b); one count of criminal impersonation (General Statutes § 53a-130) and; one count of operating a motor vehicle while under suspension (General Statutes § 14-215).
As a result of the crimes to which he pleaded guilty, the defendant was exposed to a sentence of approximately two hundred years of jail time. The state's attorney and the defendant, however, agreed to a plea cap of twelve years. The defendant reserved the right to argue for less jail time.
On April 4, 1995, during argument at the sentencing hearing, the prosecutor made the following remarks: "I think this was premeditated, I think this individual knew specifically where he was going, it was clearly premeditated, all of these people were former customers of Brett's, he knew exactly how to get into their house; he had time to think about it and knew exactly what he was doing. These were all premeditated." (Tr., 4/4/95, p. 11). It has since been revealed, however, that the factual statement that "all of these people were former customers of Brett's," is not entirely correct.
Before sentence was imposed on April 4, 1995, the defendant was granted a continuance so that he might obtain some needed dental care before serving his sentence. The court had indicated that it was contemplating imposing only a six year sentence. The CT Page 11981 court warned the defendant, however, that if he did not reappear for sentencing the court would impose the maximum penalty allowed under the plea agreement. The defendant subsequently fled to New York and was considered a fugitive for fifty-one days.
When the defendant finally reappeared in court on June 5, 1997, and after a lengthy hearing, the defendant was sentenced by this court to a prison term of twelve years.
The sentence has been upheld by the sentence review division.State v. Saltus, Superior Court, judicial district of Hartford, Sentence Review Division (March 26, 1996, Stanley, J., Klaczak, J., and Norko, J.).
 I
The prosecution argues, as an initial matter, that the defendant's motion is procedurally incorrect. The prosecution contends that the issue would be properly raised pursuant to a habeas corpus petition or under the provision of Practice Book § 934.
Practice Book § 934 states: "At any time during the period of a definite sentence of three years or less, the judicial authority may, after a hearing and for good cause shown, reduce the sentence or order the defendant discharged or released on probation or on a conditional discharge for a period not to exceed that to which he could have been sentenced originally."
Here, the defendant's sentence is greater than three years. Practice Book § 934, therefore, is inapplicable to the present case.
The prosecution's assertion that habeas corpus review is available to the defendant might very well be correct. Practice Book § 935, rather than habeas corpus review, however, is the more expedient vehicle for achieving closure on issues regarding the legality of a particular sentence. Copeland v. Warden, supra,225 Conn. 46. See also State v. Ryerson, 20 Conn. App. 572, 575
n. 3, 570 A.2d 709 (1990) (the defendant relied on Practice Book § 935 for initial motion for reduction of sentence and subsequent motion for correction of an illegal sentence); State v. Batts,
Superior Court, judicial district of New Haven at New Haven, Docket No. 99807 (May 16, 1996, Devlin, J.) ("Practice Book § 935 permits the judicial authority to correct an illegal sentence at CT Page 11982 any time.").
Practice Book § 935 provides, in pertinent part, that the "judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal matter." "[R]egardless of any possible procedural obligations to raise the claim on direct appeal or under § 935, ordinarily it is to a defendant's advantage to move in the trial court, pursuant to § 935, to correct a purportedly illegal sentence after the sentence is imposed. This method would ordinarily yield a more prompt consideration of the defendant's challenge to the sentence than would the filing of a petition for habeas corpus, which usually entails considerably more delay than does a motion pursuant to § 935." Copeland v. Warden,225 Conn. 46, 47 n. 2, 621 A.2d 1311 (1993).[1]
Questions regarding the legality of sentencing must be dealt with in a timely manner. Practice Book § 935 provides a procedural vehicle for timely review of an illegal sentence. Since the defendant is seeking review of an allegedly illegal sentence, the defendant's motion is properly before this court.
 II
The defendant argues that the court improperly based its decision on a misstatement made by the prosecution. Therefore, the defendant argues that his sentence should be vacated and that a new sentence be imposed after argument by both counsel. The prosecution's misstatement, supra, is reflected in the remarks the court made at the April 4, 1995 hearing: "[A]nd what makes it worse from the Court's point of view — is that these are people who trusted you in terms of performing work at their homes and then to be victimized by you after that trust has been instilled, I mean, the Court has people working at its own house all the time. If we have to live in a society where everybody is paranoid of the people who you let into your home, then it is a sad state that we have come to and unfortunately, you have breached that trust." (Tr., 4/4/95 p. 44.)
"Generally, due process does not require that information considered by the trial judge prior to sentencing meet the same high procedural standard as evidence introduced at trial. Rather, judges may consider a wide variety of information . . . ." (Internal quotation marks omitted.) State v. Patterson,
CT Page 11983236 Conn. 561, 570, 674 A.2d 416 (1996). "Consistent with due process the trial court may consider responsible unsworn or out-of-court information relative to the circumstances of the crime and to the convicted person's life and circumstance." (Internal quotation omitted.) Id., 570-71. "It is a fundamental sentencing principle that a sentencing judge may appropriately conduct an inquiry broad in scope, and largely unlimited either as to the kind of information he may consider or the source from which it may come." (Citation omitted; internal quotation marks omitted). Id., 571. "[T]he sentencing judge [should have] a reasonable, persuasive basis for relying on the information which he uses to fashion his ultimate sentence[.]" (Citations omitted; internal quotation marks omitted.) Id.
The mere reference to extraneous or improper information at the sentencing hearing does not require a sentence to be set aside unless the defendant shows: (1) that the information was materially false or unreliable; and (2) that the trial court substantially relied on the information in determining the sentence. See e.g., State v. Collette, 199 Conn. 308, 320-21,507 A.2d 99 (1986); State v. Connelly, 46 Conn. App. 486, 505, ___ A.2d ___ (1997); State v. Jagiello, 29 Conn. App. 386, 392,615 A.2d 1051 (1992).
In the present case, the prosecution's statements at the sentencing hearing were not entirely accurate regarding the defendant's relationship to the victims. If the court, when imposing its sentence, had relied substantially on the misstatement, the court would be hard pressed not to resentence the defendant. The defendant, however, has not met his burden of demonstrating that the court substantially relied on that information in determining the sentence imposed upon the defendant.
Further, the defendant's argument fails to consider the remarks made by the court at the sentencing hearing on June 5, 1995. On June 5, 1995, the court stated: "The Court is basing its decision on the fact that it now does not believe the arguments that were put forth by [former counsel for the defendant] . . . on April 4, 1995. The Court imposed a lesser sentence based on the arguments from [former counsel] . . . which were well thought out, which were probative, which were convincing. But the actions of the defendant have shown me that those arguments were not correct . . . and the Court at that date should have imposed the full [twelve] years . . . ." (Tr., 6/5/95 pp. 25-37.) CT Page 11984
An analysis of the court's remarks, in the context of the entire history of the defendant's case, indicates that the court based its decision on the crimes committed by the defendant, compounded by the actions of the defendant between the April 4, 1995 hearing and the final sentencing. The court notes that following the prosecution's misstatement, the court still was persuaded to be lenient on the defendant. And, at that point, no final sentence had been imposed.
The court granted a continuance so that the defendant could obtain dental care. The court specifically stated, however, that it would impose the full twelve year sentence if the defendant did not return for the sentencing. Ignoring the court's warning, the defendant fled the jurisdiction to avoid sentencing. When the defendant was brought before the court on June 5, 1995, the court stated on the record that the actions of the defendant had changed the court's opinion regarding leniency. The court then sentenced the defendant to exactly for what the defendant had bargained. Thus, while the court may have, at one time, considered the prosecution's inaccurate remarks, the court's comments on June 5, 1995 indicate that it did not base its final sentencing disposition on the prosecution's remarks.
The defendant's motion to correct sentence on the ground that the court improperly considered the prosecution's misstatements is denied.
 III
The defendant also argues in his motion that the court violated the defendant's constitutional protection against double jeopardy when it sentenced him to twelve years.
"The double jeopardy clause of the fifth amendment to the United States constitution applies to the states through the due process clause of the fourteenth amendment." State v. Garvin,242 Conn. 296, 303, ___ A.2d ___ (1997), citing Benton v. Maryland,395 U.S. 784, 787, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). "The guarantee against double jeopardy proscribes exposure to criminal prosecutions for the same offense after conviction or acquittal and protects against multiple punishments for the same offense. . . ." State v. Ryerson, supra, 20 Conn. App. 579.
The defendant's memorandum fails to discuss this topic. CT Page 11985 Usually, "[c]laims mentioned but not adequately briefed are deemed abandoned." Corsino v. Telesca, 32 Conn. App. 627, 634,630 A.2d 154 (1993). Nevertheless, the court is compelled to clarify, lest there be any doubt, that it did not impose multiple punishments for the same offense.[2]
In State v. Garvin, 43 Conn. App. 142, 682 A.2d 562 (1996), aff'd, 242 Conn. 296, ___ A.2d ___ (1997), the defendant had reached a plea cap of fifteen years. Id., 144. The sentencing judge warned the defendant that if he should fail to appear for sentencing, the court would no longer follow the agreement. Id. The defendant failed to appear at sentencing. Id., 145. When the defendant was finally apprehended, the court sentenced him to eighteen years for the underlying crimes and one year for each charge of failing to appear. Id. The court ordered that the failing to appear sentences were to run concurrently with the eighteen year sentence for the underlying crimes. Id.
Garvin argued "that his convictions on two counts of failure to appear in the first degree violated his federal and state constitutional rights not to be put twice in jeopardy because the trial court had already punished him for his failure to appear by revoking the plea agreement and sentencing the defendant to a prison term of greater duration for the underlying felony charges." State v. Garvin, supra, 43 Conn. App. 150.
The court rejected Garvin's claim and stated: "[T]he prohibition against double jeopardy is not implicated when a defendant is indicted for an incident of conduct previously used to increase the length of his sentence for a separate offense. . . . The Double Jeopardy Clause is no more implicated here than when a sentencing judge considered prior criminal activity (or convictions) in imposing a sentence. Consideration of criminal conduct as an aggravating circumstance does not convert the sentencing proceeding into a trial, conviction, or punishment for the criminal activity so considered. . . . [C]onsideration of other crimes at sentencing does not implicate the Double Jeopardy Clause because the defendant is not actually being punished for the crimes so considered. Rather, the other crimes aggravate his guilt of, and justify heavier punishment for, the specific crime for which the defendant has just been convicted." (Citation omitted; internal quotation marks omitted.)State v. Garvin, supra, 43 Conn. App. 153.
The present case is directly on point with State v. Garvin.
CT Page 11986 Here, the defendant is arguing that he was twice placed in jeopardy when the court failed to impose the six year sentence it originally had indicated it was contemplating after he violated the court's trust by not appearing for sentencing. This court determined that his failure to appear aggravated his guilt for the underlying crimes and therefore refused to impose the more lenient sentence. Garvin provides this court with the authority to consider the defendant's failure to appear at sentencing, and other aggravating actions, when imposing a sentence on a guilty defendant. Further, in Garvin, the court imposed a sentence that exceeded the plea cap. Here, this court imposed a sentence equal to the original plea cap agreement. The defendant's double jeopardy arguments, therefore, are without merit.
CONCLUSION
Based on the reasons enumerated above, the court finds that the defendant's sentence was properly reached and is therefore legal. The defendant's amended motion to correct sentence is denied.
MINTZ, J.