## TALLEY v. BEAVERS.

1. Where one is convicted of offenses against municipal ordinances, and becomes insane after his conviction but before performance of the sentences, and, having been so adjudged, is sent to the State Sanitarium, he may, after his discharge from that institution "as not insane," and in the absence of proof that he is in fact insane, be taken into custody and compelled to perform the unexecuted sentences.

2. The court did not err in refusing the application for the discharge of the person alleged to be illegally detained.

DECEMBER 11, 1913.

Habeas corpus. Before Judge Bell. Fulton superior court. October 22, 1912.

*John Y. Smith,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

BECK, J. W. B. Talley instituted habeas-corpus proceedings to secure the release of H. W. Talley, alleged to be unlawfully detained by J. L. Beavers, chief of police of the City of Atlanta. The respondent answered, that H. W. Talley was being held under certain sentences imposed by the recorder's court of the City of Atlanta, which sentences had not been executed, and which had been imposed after convictions of violations of certain municipal ordinances; and that after those convictions he was confined in the State Sanitarium, but had been discharged therefrom, and had returned to Atlanta at the time he was arrested for the purpose of compelling him to undergo the penalties imposed by the sentences referred to. It appears from the evidence that the person held in custody was tried on a writ of lunacy on July 9, 1912, and, being adjudged insane, was committed to the State Sanitarium at Milledgeville; and that on the 14th of October, 1912, he was released therefrom. There was no plea of insanity at the time of the trial and conviction of the accused. The judge hearing the application remanded the prisoner to custody.

The court did not err in denying the application. The adjudication, on the 9th of July, 1912, that H. W. Talley was insane, raised no such presumption as to the condition of his mind, at the time of the conviction of the offenses for which he was convicted and sentenced, as would affect the validity of the sentences. The sentences imposed stood open; they had not been executed; and when the prisoner under sentence returned from Milledgeville, no reason existed why he should not be compelled to perform the sentences. There was no presumption, under the facts in the case, that he was still insane; for, under the provisions of § 1574 of the Civil Code it is provided: "Lunatics, epileptics, idiots, and demented inebriates shall be admitted to, and discharged from, the Sanitarium under such rules and regulations as the trustees shall prescribe." And at the hearing of the application in this case it appears that Talley, the person detained in custody, was discharged from the Sanitarium on October 14, 1912, "as not insane." This was shown by a certificate signed by the superintendent of the institution.

This certificate was admitted in evidence over the objection that there was higher evidence, and that the fact shown by the certificate was not properly certified; but the objection was overruled, and no exception was taken by the plaintiff in error to this ruling.

Considering the provisions of the code section quoted above, and the certificate of the superintendent of the State Sanitarium showing that the prisoner was released "as not insane," any presumption that may have existed that the condition of mind of the person on the date when he was adjudged insane was continuing at the time of his rearrest was sufficiently overcome, even if it was necessary to introduce any evidence at all to show that the discharged inmate of the asylum was not in the same mental condition as that in which he was at the time of his confinement. If the condition of H. W. Talley's mind became so impaired, after his conviction of the offenses against the municipal ordinances for which he was tried, convicted, and sentenced, that it would be improper to enforce the performance of the sentences, still they could be enforced after his restoration to sanity; and no argument nor citation of authorities is necessary to show this, for even capital sentences which are suspended under our statutes, in cases where the convict becomes insane after conviction, may, upon his restoration to sanity, be executed.        *Judgment affirmed.    All the Justices concur.*