## STATE OF CONNECTICUT *v.* JOHN P. WALZER
### (4569)

BORDEN, DALY and BIELUCH, Js.

Argued October 17—decision released December 23, 1986

*John P. Walzer,* pro se, the appellant (defendant).

*Donald A. Browne,* state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the trial court's denial of his motion to correct an illegal sentence. We find no error.

In August, 1983, the defendant pleaded guilty to the charge of larceny in the first degree by embezzlement in violation of General Statutes § 53a-119 (1) and General Statutes (Rev. to 1981) § 53a-122 (a) (2), as amended by Public Acts 1981, No. 81-248, § 1. In October, 1983, he was sentenced by the court, *Melville, J.,* to a term of six years to run consecutively with an unrelated federal sentence he was then serving. The

sentence was later affirmed by the sentence review board. Thereafter, the defendant moved to correct the sentence pursuant to Practice Book § 935.[1] The trial court, *Landau, J.,* denied the motion.

The defendant's sole claim of error is that General Statutes § 53a-37[2] does not permit a court to order a sentence to run consecutively with an earlier sentence unless the earlier sentence was imposed by a "court of this state." Thus, he argues, since the federal court is not a "court of this state," there is no authority for the court to order as it did. The state argues that the defendant's motion was improper in that it was taken in lieu of an appeal long after the expiration of the appeal period, and additionally, long after the ninety day period provided in Practice Book § 935.

The state misreads Practice Book § 935. That section, which formerly contained a ninety day time limit, was amended, effective October 1, 1983, to provide in pertinent part: "The judicial authority may at *any time* correct an illegal sentence or other illegal disposition . . . ." (Emphasis added.) Since the trial court's sentence was imposed on October 14, 1983, the claim of illegality falls within the scope of Practice Book § 935 as amended and was not subject to the ninety day period of limitation. As such, it could be addressed by the trial court at any time. Thus, this appeal is properly before us.

---

[1] Practice Book § 935 provides in pertinent part: "The judicial authority may at any time correct an illegal sentence . . . or it may correct a sentence imposed in an illegal manner . . . ."

[2] General Statutes § 53a-37 provides in pertinent part: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other . . . ."

The defendant's reliance on General Statutes § 53a-37 as authority for his position is misplaced. "A cardinal rule of statutory construction is to construe statutes in a manner which gives effect to the apparent intention of the legislature . . . . Where the language used is clear and unambiguous, we will not speculate as to some supposed intention." (Citations omitted.) *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 231, 477 A.2d 988 (1984). It is clear that the legislature intended this statute to apply only when a court is faced with either (1) multiple sentences imposed at the same time, or (2) an "undischarged term of imprisonment imposed at a previous time by a court of this state . . . ." General Statutes § 53a-37. Since neither of these situations is present in this case, General Statutes § 53a-37 is not applicable.

A state court's inherent right to impose consecutive sentences has been recognized at common law in Connecticut and elsewhere. See *Redway* v. *Walker,* 132 Conn. 300, 43 A.2d 748 (1945); *State* v. *Lawrence,* 98 Idaho 399, 565 P.2d 989 (1977); *State* v. *Upham,* 415 A.2d 1029, 1033 (R.I. 1980). Thus, we conclude that consecutive sentencing is not illegal in this state.

The power to order a consecutive sentence includes the authority to impose a sentence consecutive to one imposed by a court in a different jurisdiction. *State* v. *McKaughen,* 108 Idaho 471, 472, 700 P.2d 93 (1985). We note that other state appellate courts have concluded that state sentences must run consecutively with already imposed federal sentences since "no authority exists for a state court to order that a sentence imposed by it shall run *concurrently* with a sentence being served in another state or with a sentence being served in federal custody." (Emphasis added.) *State* v. *Smith,* 633 S.W.2d 253 (Mo. App. 1982). In *Merchant* v. *State,* 374 N.W.2d 245, 246 (Iowa 1985), the state appellate court, relying upon the traditional rule that

a state court is endowed with inherent authority to order that a sentence be served consecutively, held that a party's "challenge to the court's authority to order his . . . sentence to be served consecutively to [a] federal sentence [was] without merit." Finally, we note that illegality is a necessary prerequisite to correcting a sentence pursuant to Practice Book § 935; *State* v. *Gaskin,* 7 Conn. App. 131, 133, 508 A.2d 40 (1986); and we find no illegality here.

There is no error.

In this opinion the other judges concurred.