DAVID S. COPELAND v. WARDEN, STATE PRISON
(9451)

O'CONNELL, NORCOTT and LAVERY, Js.

Argued April 23—decision released September 24, 1991

*David J. Wenc,* for the appellant (petitioner).

*James M. Ralls,* assistant state's attorney, for the appellee (respondent).

NORCOTT, J. The petitioner, David S. Copeland, appeals from the decision of the trial court denying his application for a writ of habeas corpus and rendering judgment for the respondent. He claims that the habeas court wrongfully decided that the sentencing court had the inherent authority to impose a criminal sentence to run consecutive to his prior, court ordered psychiatric commitment. The petitioner further alleges that the habeas court improperly failed to find that the sentencing court's decision violated his state and federal constitutional rights to due process and equal protection.[1] We affirm the judgment of the habeas court.

The following undisputed facts are pertinent to our resolution of the petitioner's claims. On June 21, 1977, the petitioner was found not guilty by reason of mental disease or defect of the crimes of attempted murder, reckless endangerment and criminal mischief. He was thereafter committed to the Connecticut Valley Hospital, a state institution, for twenty years. On June 5, 1981, he was charged with sexually assaulting a female worker at the hospital. After a trial to the court, *Spallone, J.,* the petitioner was found guilty of first degree sexual assault and second degree kidnapping. He was sentenced on December 6, 1982, to a total effective prison term of fifteen to thirty years to run consecutive to his psychiatric commitment.

---

[1] The petitioner alleges violations of the fifth and fourteenth amendments to the United States constitution, and article first, § 8, as amended by article seventeenth of the amendments, and article first, § 20, as amended by articles fifth and twenty-first of the amendments to the Connecticut constitution.

The petitioner began serving his criminal sentence on January 18, 1985, when he was released from the psychiatric institution. In 1986, the petitioner sought habeas corpus relief. After the petitioner filed an amended petition in August, 1988, the case was tried, on March 13, 1990, to the court, *Potter, J.,* which denied the writ on April 18, 1990.

The petitioner first claims that the habeas court improperly refused to find that imposition of the consecutive criminal sentence subsequent to his psychiatric commitment was illegal.[2] Both parties agree that General Statutes § 53a-37 is inapplicable.[3] The petitioner, however, claims that the trial court's inherent power to impose consecutive sentences does not extend to the situation at hand because no common law precedent exists. We disagree.

The inherent right of courts to impose consecutive sentences has long been recognized at common law. See, e.g., *State* v. *Williamson,* 206 Conn. 685, 701–704, 539 A.2d 561 (1988); *State* v. *McNally,* 152 Conn. 598, 600, 211 A.2d 162 (1965); *Redway* v. *Walker,* 132 Conn. 300, 306, 43 A.2d 748 (1945); *Glazier* v. *Reed,* 116 Conn. 136, 138–44, 163 A. 766 (1933); *State* v. *Walzer,* 9 Conn. App. 365, 367, 518 A.2d 966 (1986). Determining whether two sentences will be concurrent or consecutive is part of "the judicial function of imposing sentences upon a convict and is a matter for the determination of the court." *Redway* v. *Walker,* supra.

---

[2] Practice Book § 935 permits a court to correct an illegal sentence at any time.

[3] General Statutes § 53a-37 provides in pertinent part: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence."

Although all of our previous cases dealing with this question have involved sentences imposed to run consecutive to a prior criminal term, the petitioner offers no compelling reason why a court should be precluded from imposing a criminal sentence to run consecutive to a prior psychiatric commitment. We agree with the state's argument that to preclude consecutive sentencing in such situations would in essence eviscerate the effect of criminal punishment in many instances by allowing it to be swallowed up by the length of the psychiatric commitment. A trial court would effectively be stripped of its authority to impose a statutorily mandated punishment in certain instances involving psychiatric confinement.

In this case, the petitioner was sentenced for first degree sexual assault and second degree kidnapping. Because the nature of the crime is one factor that determines the nature of the punishment; *State* v. *Williamson,* supra, 703; it was within the trial court's inherent sentencing powers to issue a consecutive as opposed to a concurrent sentence. We will not permit our courts to be narrowly circumscribed in their discretion to mete out punishment to fit the crime. The petitioner's sentence was not illegal.

The petitioner next claims that the habeas court improperly failed to find that the sentencing court violated his constitutional rights to due process and equal protection. In essence, he seeks review in this court under the criteria set out in *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), as reformulated in *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The *Evans* standard for appellate review, however, is inappropriate in a habeas corpus proceeding. *Johnson* v. *Commissioner of Correction,* 218 Conn. 403, 415, 589 A.2d 1214 (1991); *Tyson* v. *Warden,* 24 Conn. App. 729, 733 n.4, 591 A.2d 817 (1991). This court is not bound to consider claimed errors " 'unless it appears on the

record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim.' " *Associated Catalog Merchandisers, Inc.* v. *Chagnon,* 210 Conn. 734, 750, 557 A.2d 525 (1989), citing *Keating* v. *Glass Container Corporation,* 197 Conn. 428, 431, 497 A.2d 763 (1985); Practice Book § 4185 [formerly § 3063]. Although the petitioner's counsel briefly discussed these claims at oral argument in the habeas court, that court neither ruled upon nor decided these claims. Further, the petitioner failed to brief these issues, raise them in his habeas petitions or move for further articulation either in the habeas court or this court to force the habeas court to address these issues. Practice Book § 4051; *Scherr* v. *Scherr,* 183 Conn. 366, 368–69, 439 A.2d 375 (1981). To review the petitioner's claims now would amount to an "ambuscade of the [habeas] judge." *State* v. *Wilson,* 178 Conn. 427, 436, 423 A.2d 72 (1979).

The judgment is affirmed.

In this opinion O'CONNELL, J., concurred.

LAVERY, J., dissenting. I disagree with the majority's conclusion that the trial court has the inherent power to impose a criminal sentence consecutive to a civil psychiatric commitment following an insanity acquittal. The trial court was bound by General Statutes § 53a-37, which codified the trial court's inherent power regarding multiple sentences. That statute in effect limits the imposition of a consecutive sentence to (1) a person who is subject to any undischarged term of imprisonment imposed at a previous time, and (2) someone who is being sentenced on multiple counts.

To equate a person who is committed to the department of mental health for a mental illness following an insanity acquittal to a person who is sentenced on the conviction of a crime is a conclusion with which I

cannot agree. A civil commitment is the confinement of a mentally ill person for treatment or protection, while a sentence, on the other hand, is punishment ordered by the court as the legal consequence of the offense that the defendant has confessed or of which he has been convicted. Ballentine's Law Dictionary (3d Ed.). In a civil commitment, the state does not use its power to punish, but to deal with the individual's mental illness. *Addington* v. *Texas,* 441 U.S. 418, 428, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979). "As a general matter, the confinement of insanity acquittees, although resulting initially from an adjudication in the criminal justice system, is not 'punishment' for a crime. 'The purpose of commitment following an insanity acquittal, like that of civil commitment, is to treat the individual's mental illness and protect him and society from his potential dangerousness. The committed acquittee is entitled to release when he has recovered his sanity or is no longer dangerous . . . . As he was not convicted, he may not be punished. His confinement rests on his continuing illness and dangerousness.' " *Payne* v. *Fairfield Hills Hospital,* 215 Conn. 675, 683–84, 578 A.2d 1025 (1990), quoting *Jones* v. *United States,* 463 U.S. 354, 103 S. Ct. 3043, 77 L. Ed. 2d 694 (1983).

Our Supreme Court has also recognized several other differences between an individual who is committed following an insanity acquittal and a person who is convicted and then sentenced. *Franklin* v. *Berger,* 211 Conn. 591, 600–601, 560 A.2d 444 (1989). In *Franklin,* the court disallowed credit towards the defendant's criminal sentence for time spent in commitment prior to trial because the commitment depends on the individual's mental health, not on a sentence imposed by a court. Id., 601. Similarly, it is improper for a trial court to impose a criminal sentence consecutive to a

commitment following an insanity acquittal because such a commitment is not a sentence within the meaning of § 53a-37.

In addition, General Statutes (Rev. to 1977) § 17-194e, which was in effect at the time of the defendant's sentencing, provides for the commitment of inmates of correctional institutions to hospitals for mental illness.[1] This provision specifically addresses the situation in which a defendant is convicted and sentenced, but is unable to reside in a correctional institution on account of his mental illness. The concern of the majority that criminal punishment would be swallowed up by psychiatric commitment does not appear to be valid in light of § 17-194e. The statute specifically calls for the release of a defendant if his commitment lasts longer than his criminal sentence. General Statutes § 17-194e. To allow the trial court to impose a criminal sentence consecutive to a commitment already in place is not in accord with the intent of this statutory provision. In a case such as this, the trial court should instead sentence the defendant and then commit him under § 17-194e. This would render the consecutive sentencing, in violation of § 53a-37, unnecessary.

I would reverse and remand to the trial court to resentence the defendant, with the term of the sentence to begin on the date of the original sentence, and with the defendant being given time credit from that date.

[1] General Statutes (Rev. to 1977) § 17-194e provides: "The provisions of section 17-178 [commitment proceedings] shall apply to any person regarding whom proceedings for commitment are being instituted under section 17-194c or 17-194d, and to any other person in the custody of the commissioner of correction, except that if the court revokes the order of commitment, the person shall be returned to any institution administered by the department of correction as the commissioner of correction shall designate, unless his custody in the commissioner of correction has terminated, in which case he shall be discharged." General Statutes § 17-194e was transferred to § 17a-515 effective January 1, 1991.