DAVID COPELAND *v.* WARDEN, STATE PRISON
(14381)

CALLAHAN, BORDEN, BERDON, KATZ and MENT, Js.

Argued December 9, 1992—decision released March 16, 1993

*David J. Wenc,* for the appellant (petitioner).

*James M. Ralls,* assistant state's attorney, for the appellee (respondent).

BORDEN, J. The issue in this appeal is whether, after a defendant has been found not guilty by reason of mental disease or defect for an earlier offense and has been committed for psychiatric treatment, the trial court has the authority to stay the execution of a criminal sentence, imposed for a subsequent offense, until the defendant's psychiatric commitment has ended. The petitioner, David Copeland, appeals, upon a grant of certification,[1] from the Appellate Court's affirmance of the judgment of the trial court denying his petition for a writ of habeas corpus.[2] We affirm.

---

[1] We granted the certification to appeal limited to the following question: "After a defendant has been found not guilty by reason of mental disease or defect, does the trial court have the authority to impose a criminal sentence consecutive to the defendant's psychiatric commitment?" *Copeland* v. *Warden,* 220 Conn. 926, 598 A.2d 365 (1991).

[2] The petitioner chose to assert his claim that the sentence is illegal by way of a petition for habeas corpus. We note that he could have raised the same issue on direct appeal or by filing a motion with the trial court pursuant to Practice Book § 935. Section 935 provides that the "judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

Because our grant of certification to appeal has not raised this procedural issue, nor has the state challenged the petition on that basis, we express no opinion on whether habeas corpus is an appropriate vehicle by which to challenge the legality of a sentence. We note, however, that regardless of any possible procedural obligations to raise the claim on direct appeal or under § 935, ordinarily it is to a defendant's advantage to move in the trial court, pursuant to § 935, to correct a purportedly illegal sentence after

The Appellate Court set forth the relevant facts. "On June 21, 1977, the petitioner was found not guilty by reason of mental disease or defect of the crimes of attempted murder, reckless endangerment and criminal mischief. He was thereafter committed to the Connecticut Valley Hospital, a state institution, for twenty years. On June 5, 1981, he was charged with sexually assaulting a female worker at the hospital. After a trial to the court, *Spallone, J.,* the petitioner was found guilty of first degree sexual assault and second degree kidnapping.[3] He was sentenced on December 6, 1982, to a total effective prison term of fifteen to thirty years to run consecutively to his psychiatric commitment. The petitioner began serving his criminal sentence on January 18, 1985, when he was released from the psychiatric institution. In 1986, the petitioner sought habeas corpus relief. After the petitioner filed an amended petition in August, 1988, the case was tried, on March 13, 1990, to the court, *Potter, J.,* which denied the writ on April 18, 1990." *Copeland* v. *Warden,* 26 Conn. App. 10, 11–12, 596 A.2d 477 (1991). That court, in a two to one decision, affirmed the judgment of the trial court.

The petitioner claims that the habeas court improperly concluded that it was within the trial court's inherent sentencing powers to impose a criminal sentence consecutive to his psychiatric commitment. We disagree.

We first note that the petitioner in this case has received only one criminal sentence, and thus the sentence for the sexual assault and kidnapping is not consecutive to another criminal sentence. There is a

the sentence is imposed. This method would ordinarily yield a more prompt consideration of the defendant's challenge to the sentence than would the filing of a petition for habeas corpus, which usually entails considerably more delay than does a motion pursuant to § 935.

[3] The petitioner unsuccessfully asserted the affirmative defense of mental disease or defect to the sexual assault and kidnapping charges.

fundamental distinction between an incarceration pursuant to a criminal sentence and a commitment following an insanity acquittal. It is, in part, this distinction that compels us to treat this case as a "stay" case rather than as a "consecutive sentence" case. See *Payne* v. *Fairfield Hills Hospital,* 215 Conn. 675, 683–84, 578 A.2d 1025 (1990). "Consecutive sentence" ordinarily refers to one criminal sentence that commences consecutive to another criminal sentence. Therefore, although framed as a consecutive sentencing issue by the parties and by this court in our grant of certification to appeal, upon closer examination this case is better described as raising the related question of whether a trial court has the authority to stay the execution of a criminal sentence until a defendant's psychiatric commitment has concluded.

The common law has long recognized a court's ability to stay the execution of a criminal sentence in a variety of contexts. For example, in *Talley* v. *Beavers,* 141 Ga. 110, 80 S.E. 556 (1913), the defendant was found to have a mental disease or defect that arose following his conviction but before the sentence on the conviction was executed. The Georgia Supreme Court affirmed the trial court's stay of the execution of the sentence until his psychiatric commitment ended. Id.; see *Ex parte State,* 150 Ala. 489, 43 So. 490 (1907) (stay of execution of sentence proper pending inquiry into defendant's sanity); *Ex parte Hinson,* 156 N.C. 250, 72 S.E. 310 (1911) (stay of execution of sentence while defendant put affairs in order); *State* v. *Abbott,* 87 S.C. 466, 70 S.E. 6 (1911) (stay of execution of sentence proper upon showing of compelling reasons or serious hardship); *Spencer* v. *State,* 125 Tenn. 64, 140 S.W. 597 (1911) (court has power to stay execution of sentence in order to achieve proper enforcement of the sentence or to safeguard the rights in the particular controversy).

Accordingly, the "power to stay the execution of a sentence, in whole or in part, in a criminal case, is inherent in every court having final jurisdiction in such cases, unless otherwise provided by statute." *Weber* v. *State,* 58 Ohio 616, 51 N.E. 116 (1898); see *State* v. *Taylor,* 153 Conn. 72, 80, 214 A.2d 362 (1965), cert. denied, 384 U.S. 921, 84 S. Ct. 1372, 16 L. Ed. 2d 442 (1966). Absent an abuse of discretion or a limiting statute, therefore, a trial court has the ability to stay the execution of a criminal sentence in order to fulfill its duty to implement the penalties dictated by the legislature for criminal offenses and to promote the ends of justice.

The legislature, by enacting our penal code, has deemed it appropriate to criminalize the behavior of which the petitioner in this case was found guilty, and to attach appropriate penalties. In order to effectuate the goals of the legislature, therefore, the trial court properly may stay the execution of the criminal sentence until the petitioner's psychiatric commitment has ended.[4]

This conclusion is supported by drawing an analogy to the related issue of consecutive sentencing. A trial court may conclude, in a case in which a defendant had previously been convicted for another offense, that a concurrent sentence would not adequately meet the sentencing goals of retribution or deterrence because such a sentence would allow the defendant to avoid additional incarceration for the subsequent offense. Similarly, as in this case, a trial court may reasonably conclude that a criminal defendant should not be able to avoid punishment merely because he engaged in the criminal conduct during his psychiatric commitment.

[4] The trial court also has the authority, pursuant to General Statutes §§ 53a-28 through 53a-30, to suspend the execution of a criminal sentence by imposing probation or granting a conditional discharge. If a defendant violates the terms of the probation or conditional discharge, the court may execute the suspended sentence. General Statutes §§ 53a-32 (b) and 53a-33.

Indeed, the authority to stay the execution of the sentence is further justified in the present context because, unlike a defendant in a case involving consecutive sentences, the petitioner here has not been subject to *any* term of penal incarceration.

In addition to satisfying the state's interest in adequately punishing criminal behavior, the trial court's stay of the execution of the sentence benefits the petitioner as well. The stay allows the petitioner to continue to receive psychiatric care until he has obtained a sufficient state of mental health. Only then is he required to serve the criminal sentence imposed because of his criminal conduct. Cf. *Talley* v. *Beavers,* supra; *State* v. *Braggs,* 9 Ohio Misc. 32, 221 N.E.2d 493 (Ohio Juv. 1966); *Mitts* v. *State,* 345 P.2d 913 (Okla. App. 1959), cert. denied, 363 U.S. 845, 80 S. Ct. 1620, 4 L. Ed. 2d 1730 (1960).

The only jurisdiction that has addressed the particular issue presented has reached a similar conclusion. In *State* v. *Flemming,* 409 A.2d 220, 225–26 (Me. 1979), the defendant was committed to a psychiatric institution following a verdict of not guilty of murder by reason of insanity. During his commitment, the defendant escaped, in violation of Maine's penal code. After having been found guilty on the escape charge, the defendant was sentenced to a term of imprisonment of five years with execution of the sentence stayed until his discharge from the psychiatric institution. Id., 222. On appeal, the Maine Supreme Court concluded that it was within the trial court's inherent sentencing powers to stay the execution of the sentence until the defendant was discharged from the institution: "Punishment for escape should not be ignored simply because a person happens to be in a mental institution. In enacting the [criminal code,] the Legislature determined that criminal penalties should flow from an escape of this nature. Therefore, we deem it entirely rational that a presid-

ing justice, faced with the dilemma created when an inmate escapes from a mental institution, should have the authority to suspend the imposition of criminal penalties until such time as the mental disease or defect has been treated." *Id.*, 225–26. The same reasoning applies here.

The petitioner, adopting the position of the dissenting opinion in the Appellate Court, argues that even if the trial court historically had the power to impose a criminal sentence to begin at the conclusion of his psychiatric commitment, the trial court's inherent sentencing powers have been circumscribed by General Statutes § 53a-37.[5] See *Copeland* v. *Warden,* supra, 14 (*Lavery, J.,* dissenting). Section 53a-37 provides that "when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence." We are not persuaded.

---

[5] General Statutes § 53a-37 provides: "MULTIPLE SENTENCES: CONCURRENT OR CONSECUTIVE, MINIMUM TERM. When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."

This case, as noted above, does not involve a question of consecutive sentencing. The statute is limited by its plain language to those instances in which a court imposes an additional criminal sentence on a defendant *already serving a criminal sentence* previously imposed by a Connecticut court. The statute does not address the court's authority to stay the execution of a sentence for a subsequent offense until the completion of a defendant's psychiatric commitment following a verdict of not guilty in an earlier case.

Moreover, "[i]t is . . . a rule of statutory construction that statutes in derogation of the common law are to be strictly construed. . . . No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Nugent,* 199 Conn. 537, 548, 508 A.2d 728 (1986). In light of the trial court's common law inherent sentencing power to stay the execution of a criminal sentence, we refuse to read § 53a-37, in the absence of express language, as imposing limits on that power.

We also note that the interpretation suggested by the petitioner is inconsistent with *State* v. *Williamson,* 206 Conn. 685, 701–702, 539 A.2d 561 (1988), and *State* v. *Walzer,* 9 Conn. App. 365, 367–68, 518 A.2d 966 (1986), cert. denied, 202 Conn. 802, 519 A.2d 1207 (1987). In each case, the defendant challenged the trial court's imposition of a sentence that ran consecutively to a sentence imposed by a court in another jurisdiction. *State* v. *Williamson,* supra, 701; *State* v. *Walzer,* supra, 367. Both this court and the Appellate Court concluded that § 53a-37, although not expressly authorizing such a sentence, did not prohibit the trial court from exercising its inherent sentencing powers to impose a

sentence consecutive to the other jurisdiction's term of imprisonment.[6]

Finally, a contrary reading of § 53a-37 would deprive a trial court of the authority to impose the very punishment mandated by the legislature. If a court did not have the authority to stay the execution of the sentence, an individual would be free to commit a crime with impunity solely because of the fortuity of a current psychiatric commitment. We refuse to ascribe to the legislature, in enacting § 53a-37, the intent to produce such a bizarre result. See, e.g., *Fairfield Plumbing & Heating Supply Corporation* v. *Kosa,* 220 Conn. 643, 650, 600 A.2d 1 (1991).

The judgment is affirmed.

In this opinion the other justices concurred.

---

[6] We note that the sentence imposed by the trial court in this case could be characterized as "unexecuted" and thereby *may be* subject to modification. See *State* v. *Walzer,* 208 Conn. 420, 425, 430, 545 A.2d 559 (1988). In *Walzer,* we addressed the issue of whether a court has the power to modify a sentence after the expiration of the defendant's appeal bond. We concluded that, under the facts of that case, the court did not have the authority to modify the sentence after the appeal bond had expired because a judgment mittimus had issued at the time the defendant was originally sentenced.

"In a criminal case the imposition of sentence is the judgment of the court. *State* v. *Smith,* 149 Conn. 487, 489 [181 A.2d 446 (1962)]. When the sentence is put into effect and the prisoner is taken in execution, custody is transferred from the court to the custodian of the penal institution. At this point jurisdiction of the court over the prisoner terminates." (Internal quotation marks omitted.) *State* v. *Walzer,* supra, 424–25.

The trial court's decision in the present case to stay the execution raises a similar question. The stay imposed in the present case, however, is designed merely to change *when* the service of the sentence will begin rather than to determine *if* the sentence should begin, as is the issue in a stay of execution pending an appeal of the underlying judgment. Because of this difference, a trial court choosing to stay the execution of the sentence until after a period of psychiatric commitment should issue an appropriate mittimus indicating the terms of the stay pending that commitment, in order to transfer custody of the defendant from the court to the commissioner of correction.