[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas action the petitioner claims that his present confinement is illegal on the basis of his assertion that he has already completed the term of his sentence. The petitioner seeks release from custody. Based on the evidence adduced at the habeas hearing, the court makes the following findings and order.
The petitioner was sentenced on December 16, 1988 in the Superior Court, Judicial District of New Haven, in Docket Number CR6-290737 to a term of twelve years in the custody of the Commissioner of Corrections, suspended after five years of confinement. On the same date, and in the same court, the petitioner was sentenced in Docket No. CR6-290738 to a term of two years confinement, to run concurrently with the sentence imposed in CR6-290737. Finally, on the same date, and in the same court, the petitioner was sentenced in Docket No. CR6-272768 to a term of three years confinement, to run concurrently with the sentences imposed in Dockets CR6-2907337 and CR6-290738. Thus, as a result of his December 16, 1988 sentencings, the petitioner received a total effective sentence of twelve years suspended after five years confinement. Cf. Respondent's Exhibit A, Court Mittimus.
Subsequently, on October 25, 1989, the petitioner was sentenced by the Superior Court, Judicial District of New Haven, in Docket No. CR6-315473 to a term of imprisonment of one year, to be served consecutively to the sentence he was then serving. Id.
On January 30, 1990, pursuant to applicable provisions of Connecticut General Statutes § 18-100, the petitioner entered CT Page 4213-DD a Community Residence Program. While in this supervised home release status, the petitioner continued to be a sentenced inmate, under the jurisdiction of the Commissioner of Corrections. Cf. C.G.S. 18-100 (e), Asherman v. Meachum,213 Conn. 38 (1989).
While in the Community Residence Program, the petitioner was supervised by Department of Corrections counselor William Griffin. It was a condition of the petitioner's participation in supervised home release that he not leave the State of Connecticut without permission from Mr. Griffin. In addition, the petitioner was required to report to Mr. Griffin twice monthly. The petitioner failed to report to Mr. Griffin on April 10, 1990, a scheduled reporting date. When the petitioner failed to make this appointment with Mr. Griffin, and Mr. Griffin was unable to locate the petitioner within the State of Connecticut, Mr. Griffin prepared an affidavit dated June 4, 1990 seeking a warrant for the arrest of the petitioner on the charge of Escape in the First Degree. Cf. Respondent's C, Mr. Griffin's Affidavit. Mr. Griffin filed a copy of his affidavit with the Department of Corrections Records Center.
Based on the contents of Mr. Griffin's affidavit, the Department of Corrections made a determination that as of June 4, 1990 the petitioner was no longer serving his sentence within the custody of the Commissioner of Corrections, and placed him in an escape status.
On or about March 29, 1990, the petitioner was, in fact, incarcerated by the State of New York and later convicted for an offense for which he received a sentence of confinement of twenty years to life. Subsequently, an appellate court in New York overturned the petitioner's conviction; as a result, he was released from New York custody on January 13, 1994. Petitioner's Exhibit 1, letter from Domenick J. Porco, Esq.
Once the petitioner was released from New York custody, he returned to Connecticut where he was subsequently arrested on the warrant for Escape in the First Degree. The petitioner was returned to the custody of the Commissioner of Corrections on September 2, 1994.
As a result of receiving notice by way of Mr. Griffin's affidavit on June 4, 1990 and the petitioner's absence from custody until his subsequent return on September 2, 1994, the CT Page 4213-EE petitioner was not credited with having served his Connecticut sentence between the dates of June 4, 1990 and September 2, 1994.
On November 21, 1994, in the Superior Court, Judicial District of New Haven, Geographical Area 6, the charge of Escape in the First Degree against the petitioner was nolled, and on motion of the petitioner without objection from the State, the charge was dismissed. cf. Petitioner's Exhibit 3, Court Transcript. Prior to the court's dismissal of the charge, the petitioner did acknowledge that there had been probable cause for his arrest on the Escape charge. Id., at 2.
This factual background frames the issue presented for judicial determination. The petitioner claims that since the Escape charge against him was dismissed, he is entitled to be credited with the time, as time served, between June 4, 1990 and September 2, 1994 with the result that he should be discharged from confinement. The respondent claims, however, that the petitioner is entitled to no credit for the time period between June 4, 1990 and September 2, 1994 because he had, in fact, left the custody of the Commissioner without permission during the disputed time period, and was not then serving his sentence.
The court agrees with the respondent. In papers filed with the court and in his argument to the court, the petitioner has expressed the mistaken view that his transfer to a Community Release Program was tantamount to parole. Thus, he argues, since the alleged violation of his parole, i.e. Escape in the First Degree, was dismissed, the Commissioner may not deny him credit for his "parole" time. For this proposition, the petitioner cites the determination of the United States District Court for the District of Connecticut in Toomey v. Young, 449 F. Sup. 336
(1978). The petitioner's reliance on Toomey is misplaced. Toomey
concerned the rights of a parolee to have his time under parole supervision credited toward completion of his sentence in a circumstance in which he was charged in a parole violation warrant for conduct which took place after his period of supervision. Id. The petitioner's reliance on Toomey is apparently based on his mistaken belief that when he was released to a Community Residence Program his status was tantamount to that of a parolee. He was, however, not on parole. The Supreme Court has opined that one's status on home release is distinguishable from that of a person on parole. Asherman, supra,
at 47. While a parolee is in the custody and control of the parole board, a person on home release continues to be an inmate CT Page 4213-FF within the jurisdiction of the Commissioner of Corrections. Jurisdictionally, the release of an inmate from institutional confinement to supervised home release is no more than an intramural transfer within the Department of Corrections.
The petitioner is also mistaken in his belief that the dismissal of the criminal charge of Escape against him thereby entitles him to credit for the time he was gone from custody. While the entry of a nolle to the Escape charge by the Assistant State's Attorney, and the Court's dismissal of the charge without objection from the State may demonstrate compassion for the petitioner, and recognition that he had been incarcerated in the State of New York for a substantial period of time on charges ultimately dismissed, there is no connection between the dismissal of the Escape charge against him and the petitioner's actual service of his sentence. Simply put, the petitioner is not entitled to credit for service of his sentence between the dates of June 4, 1990 and September 2, 1994 because he was absent from confinement during that time period, having left confinement without approval of the Commissioner. Since the petitioner was arrested in New York, the court can conclude that he had left the State of Connecticut in violation of the terms of his supervised home release, and he had placed himself in a position whereby he was unable to return to custody. Additionally, he failed to report to Mr. Griffin as required. While these behaviors may not have warranted prosecution for the criminal offense of Escape in the First Degree, they are evidence of the petitioner's unexcused absence from custody.
Nor can the petitioner claim that, as a matter of right, he is entitled to have credited toward his Connecticut sentence the time he spent incarcerated in New York. Cf. State v. Walzer,9 Conn. App. 365 (1986). It is not this court's function to judge the propriety of the petitioner's incarceration in New York. For purposes of this petition, the court notes that the defendant, by leaving Connecticut and going to New York, put himself in the position of being absent from his Connecticut confinement.
At the habeas hearing, the Court expressed concern that the Department of Corrections had placed the petitioner in an "escape" status on the basis of Mr. Griffin's arrest warrant affidavit, and continued him in such capacity even though the criminal charge of Escape had been dismissed. In this regard, the court is mindful of the dictates of C.G.S. § 54-142a that whenever a charge is dismissed, "all police and court records and CT Page 4213-GG records of any state's attorney pertaining to such charge shall be erased." On review of the issue, the court is satisfied that Mr. Griffin's affidavit is not a "court record" as described in C.G.S. § 54-142a. Cf. Doe v. Manson, 183 Conn. 183 (1981).
While the court understands that the petitioner does not believe it "fair" that he must complete his Connecticut sentence without credit for the time he served in New York, his New York incarceration, not entitled to credit toward his Connecticut sentence, does not render his present incarceration illegal.
For the reasons stated, the petition is dismissed.
Bishop, J.