STATE

v.

Robert P. DeLUCA, Sr.

No. 96–211–C.A.

Supreme Court of Rhode Island.

Feb. 26, 1997.

Jane McSoley, Aaron Weisman, Providence.

Joseph A. Bevilacqua, Jr., Providence.

## ORDER

The defendant, Robert P. DeLuca, Sr., appeals from a Superior Court adjudication that he violated the terms of his probation. He argues that the Superior Court exceeded its statutory authority under G.L.1956 § 12–19–9 by ordering him to serve a suspended sentence consecutively to an intervening federal sentence that had been imposed after his original state court sentencing. We disagree.[1]

In 1994 defendant pled nolo contendere to two counts of a multicount gaming indictment and received a five-year suspended sentence with five years' probation and a $5,000 fine for each count. The court ordered the sentences on both counts to run consecutively to each other and the fines, totaling $10,000, were to be paid at a rate of $200 per month. Thereafter, defendant was convicted in the United States District Court for the District of Rhode Island on extortion-related charges and was sentenced to 126 months of incarceration. Relying on these federal convictions, the state filed a Super.R.Crim.P. 32(f) notice on February 15, 1996, advising defendant that he would be presented in the Superior Court as a violator of his probation. After the hearing on February 23, 1996, the trial justice concluded that defendant had committed new crimes while he was on probation, for which misconduct he had been convicted in federal court. As a result the trial justice

found that defendant had violated the terms and the conditions of his Superior Court probation. He then ordered defendant to serve five years of his suspended state sentence consecutively to the federal sentence.

A trial justice has the authority to impose consecutive sentences. *See* G.L.1956 § 12–19–5; *see also State v. Upham*, 415 A.2d 1029, 1033 (R.I.1980) (noting that "[t]he right to impose consecutive sentences was well recognized at common law"). Although we have not previously addressed whether a probation-violation justice has the power to reinstate a previously suspended sentence and order it to run consecutively to one imposed in another jurisdiction, other courts have held that state sentences may run consecutively with already imposed federal sentences. *E.g., State v. Walzer*, 9 Conn.App. 365, 518 A.2d 966 (1986); *Merchant v. State*, 374 N.W.2d 245 (Iowa 1985); *State v. Smith*, 633 S.W.2d 253 (Mo.Ct.App.1982). We now hold that the "proper direction to the subsequent sentencing judge is that he [or she] may make his [or her] sentence concurrent with or consecutive to whatever other unsuspended sentence of confinement then exists." *DiPietrantonio v. State*, 61 Md.App. 528, 487 A.2d 676, 678 (1985).

To accept defendant's argument—that his original suspended sentence, when reinstated after his probation has been revoked, must run concurrently with the intervening federal sentence—would potentially allow him to avoid punishment for violating the probation on his original state offense. The defendant relies on *State v. Taylor*, 473 A.2d 290 (1984), and *State v. Studman*, 468 A.2d 918 (1983), in support of his attack on his probation-violation sentence. We believe that his reliance on these cases is misplaced. In *Taylor* we held "that when two or more sentences are imposed upon a defendant and no provision is made that they be served consecutively, a presumption arises that they were imposed to be served concurrently." 473 A.2d at 290–91 (discussing *Studman*, 468 A.2d at 919–20). However, that reasoning is not applicable

---

1. Both parties came before us pursuant to an order requiring them to show cause why we should not decide this appeal summarily. After reviewing their legal memoranda and considering their oral arguments, we conclude that cause has not been shown and that this case can be decided without further briefing and argument.

here because after the defendant had been adjudged a probation violator, the probation-violation justice ordered him to serve his sentence consecutively to the intervening federal sentence. In doing so, the justice did not modify the state sentence originally imposed; rather, he revoked probation and imposed a portion of the original suspended sentence. In these circumstances the statement by the original sentencing justice that it was his practice "simply [to] lift the suspension" in the event a defendant violated the terms of his or her probation does not preclude the probation-violation justice from imposing a suspended sentence to run consecutively to an intervening federal sentence.

Accordingly we deny and dismiss the defendant's appeal and affirm the Superior Court's adjudication of him as a probation violator.

BOURCIER, J., did not participate.