VICTOR JOSE VELASCO *v.* COMMISSIONER
OF CORRECTION
(AC 30405)
(AC 30814)

Flynn, C. J., and Lavine and West, Js.

Argued November 16, 2009—officially released February 2, 2010

*Lisa J. Steele*, special public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, special assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

LAVINE, J. The petitioner, Victor Jose Velasco, appeals from the judgment of the habeas court, *Schuman, J.*, denying his second amended petition for a writ of habeas corpus.[1] The habeas court granted the petition for certification to appeal. The petitioner claims that the court improperly concluded that he failed to prove that trial counsel (1) was ineffective because he failed to argue effectively an oral motion to suppress the principal eyewitness identification, (2) was ineffective in his cross-examination of that witness and (3) failed to offer expert testimony on eyewitness identification at trial.[2] We affirm the judgment of the habeas court.

In 1998, the jury found the petitioner guilty of felony murder in violation of General Statutes § 53a-54c, conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (3), and use of a firearm in the commission of a felony in violation of General Statutes § 53-202k. The court, *Ford, J.*, imposed a total effective sentence of sixty years in

[1] The habeas court denied the amended petition on August 13, 2008. The petition for certification to appeal was denied as untimely on October 1, 2008, and the petitioner appealed to this court. Subsequently, he was given permission to file his petition for certification to appeal late and, thereafter, filed another appeal with this court. Both appeals were consolidated by order of this court dated April 13, 2009.

[2] The petitioner also claims that the court improperly failed to find that trial counsel rendered ineffective assistance because, in preparation for trial, he failed to (1) consult an eyewitness identification expert or (2) educate himself about issues relating to eyewitness identifications. He argues that the habeas court mistakenly concluded that counsel was not ineffective for failing to explain properly in his summation the weaknesses in Kathryn Curwen's identification and to object during trial to the prosecutor's attempts to support Curwen's credibility. These issues were neither raised in the petitioner's second amended petition nor addressed in the habeas court's memorandum of decision. Consequently, we decline to review them. See *Copeland* v. *Warden*, 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991) (reviewing court does not consider claims not raised in habeas court), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993).

prison. The Supreme Court affirmed the conviction of felony murder and conspiracy to commit robbery in the first degree but vacated the sentence under § 53-202k for use of a firearm in the commission of a felony. *State v. Velasco*, 253 Conn. 210, 751 A.2d 800 (2000). The petitioner's total effective sentence was reduced to fifty years in prison when the state decided not to retry him on the firearm conviction. The relevant factual history was recounted extensively in our Supreme Court's decision disposing of the petitioner's direct appeal. Id., 214–17. We set forth only the most relevant facts pertaining to this appeal.

"At approximately 10:45 p.m. on December 19, 1996, the [petitioner] and another individual entered Maria's Variety Store in Bridgeport. The two men robbed the store, and one of them shot and killed the owner, Fernando Reis. Several eyewitnesses identified the [petitioner] as one of the assailants who had robbed the store. One witness, Kathryn Curwen, had been standing by the cash register talking with Reis when the [petitioner] and another male, both dressed in black and wearing ski masks, entered the store. According to Curwen, one of the assailants wore a jacket with a black and gold emblem that read 'Billion Bay,' the same type of jacket that police later seized from the [petitioner]. Both men were armed, and the [petitioner] waved Curwen back by brandishing a handgun. Curwen heard one of the two men demand money and then heard a gunshot, but she did not see who had fired the shot. Thereafter, the taller of the two assailants put a nine millimeter gun to Curwen's head when a second customer refused to comply with his demand to retreat to the back of the store. After the assailants fled, Curwen called the police.

"Officer Richard Mercado of the Bridgeport police department was patrolling the area on the night of the crime when he observed the [petitioner] walking in the

general vicinity of the variety store. The [petitioner] matched the description of the suspect that had been broadcast over Mercado's police radio. Mercado detained the [petitioner] and informed him that he was a suspect. The [petitioner] denied any involvement in the shooting, but acknowledged that he was a member of the Latin Kings street gang. When the [petitioner] was returned to the scene of the crime, Curwen identified him as one of the assailants. Three days later, Curwen singled out the [petitioner] from a photographic array of eight potential suspects, each with black masks drawn over their eyes." Id., 214–15.

The petitioner filed a petition for a writ of habeas corpus, which was amended on April 15, 2008. He claimed that trial counsel was ineffective in failing (1) to file a motion to dismiss or a request for essential facts to compel the state to specify the "overt act" portion of the state's conspiracy allegation, (2) to object to a jury charge relating to specific intent, (3) to prepare a defense or to investigate the conspiracy charge, (4) effectively and properly to cross-examine Curwen, a witness for the state, (5) to suppress Curwen's eyewitness identification of the petitioner, (6) to call an expert on eyewitness identification and (7) to request specific jury instructions on eyewitness identifications.[3] On July 16, 2008, a hearing was held, and on August 13, 2008, the petition was denied. All issues raised in this appeal relate to counsel's alleged failures relating to Curwen's eyewitness identification.

We first turn to the standard of review. "The standard of appellate review of habeas corpus proceedings is well settled. The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility

---

[3] The petitioner also made allegations against his appellate counsel, which are not at issue in this case.

of their narrators. So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense. . . . Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by [an appellate] court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Jarrett* v. *Commissioner of Correction*, 108 Conn. App. 59, 69–70, 947 A.2d 395, cert. denied, 288 Conn. 910, 953 A.2d 653 (2008). Here, the petitioner does not claim that the court's findings are clearly erroneous.

"To determine whether the petitioner has demonstrated that counsel's performance was ineffective, we apply the two part test established in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Claims of ineffective assistance during a criminal proceeding must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the [s]ixth [a]mendment." (Internal quotation marks omitted.) *Jarrett* v. *Commissioner of Correction*, supra, 108 Conn. App. 70.

I

The petitioner first claims that the habeas court wrongly concluded that counsel was not ineffective in arguing an oral motion to suppress Curwen's identification of the petitioner. The habeas court rejected this

claim, concluding that "the petitioner cannot prove prejudice from any failure of [trial counsel] to pursue this claim further unless he can also show a reasonable probability that an attack on the reliability of the identifications would have been successful." We agree with the habeas court.

We construe this amorphous claim to assert that counsel was ineffective because the trial court denied the motion to suppress. We are hard-pressed to say how this court can evaluate meaningfully the extent to which an argument persuaded a court in this, or any, case given the reality that a trial court has before it evidence, here, the photographic array, permitting it to make decisions independent of counsel's argument.

In any event, counsel objected to the admission of the photographic array at trial. During Curwen's testimony, as the habeas court noted, counsel objected on the grounds that the photographic array was unfairly suggestive, that it was done after the show-up on the scene and that Curwen selected the petitioner's image based only on having seen his eyes. The trial court initially sustained defense counsel's objection to the photographic array for lack of foundation but eventually admitted it over further objection.

To prevail on a motion to suppress a pretrial identification, a defendant must prevail on a two-pronged inquiry. "[F]irst, it must be determined whether the identification procedure was unnecessarily suggestive; and second, if it is found to have been so, it must be determined whether the identification was nevertheless reliable based on an examination of the totality of the circumstances. . . . An identification procedure is unnecessarily suggestive only if it gives rise to a very substantial likelihood of irreparable misidentification. . . . The defendant bears the burden of proving both that the identification procedures were unnecessarily

suggestive and that the resulting identification was unreliable." (Internal quotation marks omitted.) *State v. Bell*, 93 Conn. App. 650, 660, 891 A.2d 9, cert. denied, 277 Conn. 933, 896 A.2d 101 (2006).

As the habeas court noted, at the time of the crime, Curwen saw the suspect from only a few feet away, two officers testified that the suspect fit her description, Curwen recognized the petitioner at the show-up because of his eyes and because the clothing he was wearing resembled that worn by the perpetrator at the crime scene and Curwen was "pretty sure" of her identification based on the photographic array she had viewed several days after the crime. The habeas court concluded that, viewing these factors in their totality, Curwen's identification of the petitioner was reliable.

Without reaching a conclusion as to counsel's performance, we address, as did the habeas court, *Strickland*'s prejudice prong. To prove prejudice, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 458, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006). To have prevailed on the suppression issue, counsel would have had to establish both that the pretrial identification procedures were unnecessarily suggestive and that they were unreliable. See id. The petitioner fails to consider that the trial court had the photographic array before it and was able to make its decision independent of counsel's argument. There is nothing to suggest that any claimed "unprofessional errors" made by counsel led to the court's ruling as it did on the motion to suppress Curwen's identification of the petitioner. We agree with the habeas court's conclusion that the petitioner failed to prove prejudice.

## II

The petitioner claims that the habeas court wrongly concluded that counsel's cross-examination of Curwen was adequate. Specifically, the petitioner asserts that counsel could have done more to bring out alleged inconsistencies between Curwen's prior statements and her trial testimony. We disagree.

The habeas court determined that counsel adequately cross-examined Curwen, the state's key identification witness. The habeas court noted that the cross-examination brought out that Curwen focused her attention on the gun, was nervous, could only see the suspect's eyes and could not be certain about his ethnicity and that, prior to the show-up at the crime scene, the police told her that they had a suspect. Additionally, counsel raised various inconsistencies between Curwen's testimony and prior statements during his closing argument.

"An attorney's line of questioning on examination of a witness clearly is tactical in nature. [As such, this] court will not, in hindsight, second-guess counsel's trial strategy." *State* v. *Drakeford*, 63 Conn. App. 419, 427, 777 A.2d 202 (2001), aff'd, 261 Conn. 420, 802 A.2d 844 (2002). The fact that counsel arguably could have inquired more deeply into certain areas, or failed to inquire at all into areas of claimed importance, falls short of establishing deficient performance. We concur with the conclusion of the habeas court that counsel's cross-examination of Curwen did not fall below an objective standard of reasonableness. See *Duperry* v. *Solnit*, 261 Conn. 309, 335–36, 803 A.2d 287 (2002).

## III

The petitioner's final claim is that the court improperly failed to find that counsel rendered ineffective assistance because counsel did not retain an expert witness to testify about the reliability of eyewitness

identifications. The habeas court cited the observation in *State* v. *Kemp*, 199 Conn. 473, 475–79, 507 A.2d 1387 (1986), that "the reliability of eyewitness identification is within the knowledge of jurors and expert testimony generally would not assist them in determining the question." Id., 477. The habeas court then concluded that the petitioner had failed to prove prejudice because the notion that he would have been able to produce an expert on eyewitness identification, that such expert would have been permitted to testify and that it was reasonably probable that the outcome of the trial would have been different were all matters of speculation.

The petitioner's argument is based on a series of suppositions. "[N]umerous state and federal courts have concluded that counsel's failure to advance novel legal theories or arguments does not constitute ineffective performance. . . . Nor is counsel required to change then-existing law to provide effective representation." (Citations omitted; internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, supra, 275 Conn. 461–62. Given the state of the law at the time of the petitioner's habeas trial, the court properly found that the petitioner had failed to prove prejudice.[4]

---

[4] We do, however, take this opportunity to note the habeas court's statement that "[e]ven today, there is no appellate case law in Connecticut authorizing the admission of such [eyewitness identification expert] testimony." We read *Kemp* to stand for the proposition that a trial court does not abuse its discretion in excluding expert testimony concerning the reliability of eyewitness testimony. It does not stand for the broader proposition that a court may never admit such testimony. Moreover, the assertion in *State* v. *Kemp*, supra, 199 Conn. 477, that "the reliability of eyewitness testimony identification is within the knowledge of jurors and expert testimony generally would not assist them in determining the question" may have been true in 1986, when *Kemp* was decided, but it seems dubious today in light of significant research developments in the area. We note that courts seem to be having difficulty keeping up with, and adapting to, the changing landscape in this area. See *State* v. *Marquez*, 291 Conn. 122, 168–85, 967 A.2d 56 (2009) *(Katz, J.*, concurring); id., 185–214 *(Palmer, J.*, concurring).

We conclude that the court properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.